## WALTER CRESSE

*v.*

## JOHN B. LOPER.

[Submitted March 4th, 1907.   Decided March 4th, 1907.]

The rule that if a trustee, or one standing in a similar capacity, becomes a purchaser of the trust property, such act is voidable at the instance of the person whom he represents, applies to a sale of partnership property by a master, pursuant to a decree in partition, and where the same is purchased by one of the partners the other partner may avoid the sale.

On bill, answer, replication and proofs.

The bill is filed by complainant to procure an accounting from defendant as a partner, and also to have defendant declared to hold the title to certain real estate in trust for the partnership. Complainant and defendant were engaged in the meat and vegetable business at Holly Beach, New Jersey, as partners. In March, 1903, complainant was adjudged insane and committed to an institution for the insane, where he remained until October, 1905, at which time he was discharged as cured. During the period of incapacity of complainant defendant continued to conduct the partnership business. Among the assets of the partnership was certain real estate which had been purchased by the partners with partnership funds and title taken in the names of the partners as tenants in common. In December, 1903, defendant filed a bill for partition of the real estate so owned by the partnership, and in April, 1904, pursuant to decree in the partition cause, public sale of the real estate was made by a special master. At that sale defendant became the purchaser as the highest bidder. In the final decree in partition the parties were not expressly authorized to purchase at the sale. Complainant now seeks an accounting from defendant, as partner, for the

period during which complainant was confined, and also seeks to have defendant decreed to hold the title to the real estate, which he purchased at the master's sale, as trustee for the partnership. The testimony at the trial established that the real estate, at the time of the sale, was worth at least $2,300. The amount for which the property was sold to defendant at the sale was $1,430. Defendant admits his liability to account, but asserts absolute title to the real estate purchased by him at the master's sale.

*Mr. James M. E. Hildreth,* for the complainant.

*Messrs. Douglass & Douglass,* for the defendant.

LEAMING, V. C.

Since the case of *Staals* v. *Bergen, 17 N. J. Eq. (2 C. E. Gr.) 554,* it has been the recognized policy of the law of this state that if a trustee, or one standing in any similar capacity, becomes the purchaser of the trust property, such act is voidable at the instance of the person whom he represents. The rule is adopted as a wise and necessary public regulation, and is applied to judicial sales as well as to sales made by the fiduciary agent. *Carson* v. *Marshall, 37 N. J. Eq. (10 Stew.) 213, 215; S. C., 38 N. J. Eq. (11 Stew.) 250, 255; Romaine* v. *Hendrickson's Executors, 27 N. J. Eq. (12 C. E. Gr.) 162; Creveling* v. *Fritts, 34 N. J. Eq. (7 Stew.) 134; Porter* v. *Woodruff, 36 N. J. Eq. (9 Stew.) 174; Deegan* v. *Capner, 62 N. J. Eq. (17 Stew.) 339.*

It is not, in my opinion, essential to the application of the rule that the purchaser be a trustee in the strict sense. A trustee is forbidden to purchase because his interest, as a purchaser, is opposed to the interest of his *cestui que trust.* The philosophy of the rule extends its application to all cases where it is the legal duty of the purchaser to cause the property to be sold for its full value. In the present case the property sold was that of the partnership. Defendant, as a partner, owed a legal duty to the partnership and to his absent partner to cause the partnership asset to be sold at its full value. As a purchaser it was to his personal advantage to buy the property as cheaply as pos-

sible. The duty which defendant was under legal obligation to perform in reference to the sale of the property was clearly inconsistent with his interests as a purchaser. Partnership relations are usually defined and measured by the principles of agency, but to the same extent that the powers of partners are thus defined, corresponding resulting duties arise which carry the essential elements of trust relationship, and the same rules and tests are necessarily applicable to the conduct of partners, with reference to the partnership assets, as are ordinarily applicable to that of trustees. It is in this view that I understand *Partridge* v. *Wells, 30 N. J. Eq. (3 Stew.) 176, 178,* in which Vice-Chancellor Van Fleet gives expression to the idea that partners hold to each other the relations of trustee and *cestui que trust. S. C.,* affirmed *31 N. J. Eq. (4 Stew.) 362.* See, also, *Pomeroy* v. *Benton, 57 Mo. 531, 545; Kelley* v. *Greenleaf, 3 Story (U. S.) 93, 100; Goldsmith* v. *Eichold Brothers, 94 Ala. 116.* In the present case the principles of trusteeships are peculiarly applicable by reason of the circumstance of the insanity of complainant at the time of the sale. Insanity of one of the partners does not, *per se,* work a dissolution of the partnership. The remaining partner may, in such case, assume the whole management of the partnership business, or may institute proceedings for dissolution. The former course was adopted by defendant. In the adoption of that course his fiduciary relationship clearly embodied all the essential elements of a trusteeship. *Raymond* v. *Vaughn, 128 Ill. 256.* I am of the opinion that in purchasing the property in question defendant subjected himself to the operation of the rule in *Staats* v. *Bergen, supra.*

The propriety of extending the operation of this rule to judicial sales of partnership assets is well exemplified by the facts of this case. The property was sold for scarcely more than one-half of its value. The uncle of complainant testified that he was induced not to bid at the sale by a promise upon the part of defendant that, if he would not "bid on the property and run it up" defendant would see that complainant got all that was coming to him. While this is denied by defendant it is clear from the testimony that the uncle was deterred from bidding by reason of what he understood to be a promise of this nature.

I will advise a decree that defendant holds the title to the land in question in trust for the partnership, and that the special master already appointed make public sale of the real estate. In the accounting before the master all just allowances will be made to defendant.