[No. 17164. Department Two. June 17, 1922.]

Edwin Fuller Nudd et al., Appellants, v. Owen A. Rowe et al., Respondents.[1]

Pleading (57)—Answer—Admissions—Failure to Deny. Failure by oversight to deny an allegation of the value of property held by a trustee for an accounting, will not render the defendant liable for that value, when that was not the theory of the complaint, and the referee's report showed it to be of no such value.

Joint Adventures — Accounting — Contract — Termination—Rights of Parties. Upon terminating a contract whereby the parties were to be jointly interested in a land operation, on account of impossibility of performance, a sale under decree to satisfy advances made by one party will be affirmed subject to a right of redemption from the sale for a specified time.

Appeal from a judgment of the superior court for Lewis county, Wright, J., entered September 12, 1921, upon findings in favor of the defendants, in an action for equitable relief, tried to the court. Modified.

*Edward H. Wright* and *Clay Allen,* for appellants.

*John P. Gallagher* and *Edward Judd,* for respondents.

Hovey, J.—The controversy in this case was before this court in *Nudd v. Rowe,* 111 Wash. 322, 190 Pac. 902 and reference is made to that case for a full statement of the facts up to that time. As the facts there stated

[1]Reported in 207 Pac. 660.

show, appellants conveyed to respondent Rowe a tract of ground in the city of Chehalis, the respondent agreeing to procure sufficient money to discharge incumbrances upon the property aggregating about $15,000, and to defray the other necessary expenses, and upon the property being disposed of, the profits were to be divided upon certain percentages. Ample provision was made for success, but none for failure. By the former opinion, both parties were denied relief. Since then respondent Rowe kept up the payments of interest on the mortgage and has been unable to dispose of the property. In an effort to extricate himself he gave notice to appellant that he was going to sell the property within a certain time at public auction, and that he reserved the right to bid the property in for himself; and thereafter, at the auction sale, the property was bid in by, and deeded to, his co-respondent Benson. Appellants in the meantime brought an action to restrain the sale, terminate the trust, and for an accounting, alleging the value of the property to be $40,000. No restraining order was issued, and upon the trial Benson was joined as a party defendant, it being admitted that he paid nothing for the property, but merely took title in trust for the respondent Rowe. After a hearing, the trial court appointed a referee to investigate the property and report on the best manner of handling it, and held the sale to Benson to be a nullity. The referee reported, showing extensive efforts to procure a purchaser but inability to secure one for the amount of the liens; he recommended a sale at public auction, or, in the alternative, he was of the opinion that, if the matter can be delayed two years longer and the land platted, from $25,000 to $27,500 could be realized. Upon the report of the referee, the court ordered a sale of the property at

public auction for the satisfaction of the amount advanced by respondent Rowe. The court found the advances, together with the amount due upon the mortgage, to be $18,364.46. A sale was had and the property was bid in by respondent Rowe for the sum of $2,500.

Appellants contend, first, that as they alleged the property to be worth $40,000 and respondent did not deny this valuation in his answer, he should be held personally liable for the difference between this sum and the advances. The failure to deny this allegation appears to have been an oversight; the report of the referee shows quite clearly that it has no such value. As the complaint was not predicated upon the theory now advanced, we do not think that respondent should be held for his oversight in failing to deny this allegation.

It was further contended by appellant that, as we suggested in our former opinion that relief might be afforded the appellants under a judicial sale and stated that respondent could not at that time ask for such relief, the trial court was not justified in adopting it at this time. We do not think this necessarily follows. Considerable more time has elapsed and the situation is growing worse instead of better, as the liabilities are increasing and the contract has become impossible of performance. Appellants sued to terminate the contract and, as we now view the situation, the action of the trial court was the most practical way of terminating it.

As this is a proceeding in equity, we have concluded to modify the judgment of the trial court by permitting the appellants to redeem from the sale at any time prior to January 1, 1923, upon repaying the sums found due by the trial court for advances made by respondent in the sum of $3,465.75, as of September 12, 1921, and

all sums thereafter or hereafter advanced by respondent for the discharge of taxes or interest upon the mortgage, with interest upon all advances at the legal rate. The decree to stand in all other respects and the sale to become absolute at the end of said time if redemption be not made. Neither party will recover costs on this appeal.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.