[No. 21327. Department One. October 18, 1928.]

GEORGE MILLER et al., *Respondents,* v. EDWIN FULLER NUDD et al., *Appellants,* ALBERT SMITH et al., *Defendants.*[1]

*Edgar S. Hadley,* for appellants.

*Edwin H. Flick, H. Gordon Chute,* and *Stanley Kent,* for respondents.

[1]Reported in 271 Pac. 80.

TOLMAN, J.—Defendants Nudd and wife have appealed from a decree establishing a joint venture and directing the sale of certain real property, the subject-matter of the joint venture, for the purpose of paying the advances made, chiefly by the respondents Miller, in preserving and carrying the property.

No statement of facts is brought to this court and the errors assigned and relied upon relate to the refusal to strike from the complaint, the overruling of the demurrers to the complaint, the failure to recognize in the decree a right of redemption from the sale, and the entry of a judgment for an amount greater than prayed for in the complaint.

The written contract upon which the action is based reads:

"It is hereby agreed by and between E. F. Nudd and Jennie Nudd, his wife, parties of the first part, and George Miller and W. W. Reagan, parties of the second part; That for and in consideration of the parties of the second part paying off a mortgage amounting to twenty three thousand five hundred dollars ($23,500) on the following described real estate, to wit:

"All of blocks one (1), two (2), and three (3), in the E. F. Nudd Addition to Centralia, Washington, parties of the first part agree to sell, transfer and assign to George Miller, his heirs or assigns, an undivided one-third (1/3) interest in said property, and to W. W. Reagan and his heirs or assigns an undivided one-third (1/3) interest in said property, and parties of the first part shall not have any rights or benefits in the remaining undivided one-third (1/3) interest until the twenty three thousand five hundred dollars ($23,500) plus seven per cent (7%) interest has been paid to George Miller in full. After this money has been paid to George Miller then all parties shall share alike, according to their mutual interests.

"Both the first parties and the second parties have hereto set their hands and seals this 9th day of December, 1922.

"E. F. Nudd, Party of the first part.

"George Miller by Reagan, Party of the second part.

"W. W. Reagan, Party of the second part."

It will be noticed that the contract is entirely silent upon the subject of a sale of the property or of the time within which the advances must be repaid. The complaint upon this subject alleges:

"That it was agreed between all of said parties as a consideration for advancing the money above mentioned in paragraph 4 and the execution of exhibit 1 hereto attached that said property should be sold within a reasonable time after the execution of said agreement and as a further consideration of the entry into the agreement above referred to and before the said plaintiff George Miller had made any advances to said defendants Nudd or *or* in the interest of said property mentioned in paragraph four herein, the said plaintiffs Miller and Reagan and the said defendants Nudd agreed with each other that the said plaintiff Reagan should have the power and the right and should undertake to sell said property for more, if possible, than enough to cover the original advances to be made by said plaintiffs Miller; and further agreed if after a lapse of a reasonable time and a diligent effort on the part of the plaintiff Reagan the said property could not be so sold, the said plaintiff Miller should have a right to sell said property to reimburse himself. That thereupon the said parties herein named, Miller, Nudd, and Reagan, entered into the said joint venture herein referred to; namely, the said plaintiffs Miller to advance enough monies to save said property from mortgage foreclosure and the said plaintiff Reagan to undertake a sale under diligent effort to sell same for a reasonable time; and the said defendants Nudd to await the outcome of said sale under the conditions herein named and to share in the proceeds of the sale of the property only and in the event that the said property would bring within a reasonable time more than necessary to reimburse plaintiffs Miller for each and all of the expenditures advanced in the interest of

said defendants Nudd or in said property. That in order to effectuate that right, the said defendants Nudd executed and delivered to said plaintiffs a quitclaim deed of the premises described in exhibit 1, dated December 27, 1922, and duly of record in volume 168 of deeds, page 359, records of Lewis county, Washington, being filed on the 30th day of December, 1922,'' and

''That there is no plain, speedy, or adequate remedy at law and that unless relief is granted herein, the said property will be lost to each and all of the parties interested therein, through taxes and assessments now rapidly accumulating, and that the only relief available is that of and through the equitable interposition of this court. That certain parts of said property are worth considerably more than others, and that by reason thereof, it is requisite and necessary that the said property be sold as a whole and not in parts or by piecemeal and that the original or principal amount invested in said property by said George Miller will be greatly endangered unless said property be sold as a whole.''

The motion to strike was directed to these two paragraphs of the complaint.

■■ It is doubtful if this question is here, as the record shows no ruling by the trial court on the motion to strike; but, in any event, the contract being silent upon the subject of sale and the time of the repayment of the advances, an oral agreement covering these points would not be objectionable upon the ground that it tended to vary the terms of the written contract, but rather would fall within the rule of those cases that hold that an incomplete written instrument may be supplemented by proof of an oral agreement covering matters omitted from the writing. Moreover, the writing certainly provides for the repayment of the advances, but as it fixes no time for such repayment, the law assumes that the repayment will be made within a reasonable time. *Merchants Bank of Canada v.*

*Sims,* 122 Wash. 106, 209 Pac. 1113, and cases there cited.

The argument in support of the demurrers is largely to the same effect and requires no extended answer, save that, assuming that a joint adventurer may not withdraw before the consummation of the enterprise to save himself from loss, we see nothing of that kind pleaded in the complaint. The joint enterprise pleaded contemplated the sale of the property, the repayment of the advances and the division of the overplus, if any. The parties being unable to effect a sale or to repay the advances, a court of equity will afford relief by directing a sale under proper safeguards. *Nudd v. Rowe,* 120 Wash. 446, 207 Pac. 660.

This being a joint enterprise, the sale is subject to the same rules as the sale of partnership property upon dissolution, and we know of no right of redemption having been recognized in such a case, save only as the peculiar facts of a particular case may warrant a court of equity in so providing. The facts not having been brought here, we cannot say that the trial court should have allowed a period for redemption, either before or after sale.

The last assignment of error as to the judgment exceeding in amount the prayer of the complaint is also unavailing, in the absence of the evidence in the case. There is a prayer for general relief in the complaint which is sufficient to warrant the court in doing equity; and, moreover, the prayer of the complaint may have been amended upon the trial to conform to the evidence introduced.

Finding no error the judgment is affirmed.

FULLERTON, C. J., MITCHELL, FRENCH, and BEALS, JJ., concur.