[No. 21887. Department One. October 16, 1929.]

GEORGE MILLER *et al., Respondents,* v. EDWIN FULLER
NUDD *et al., Appellants,* ALBERT SMITH *et al.,*
*Defendants.*[1]

*Edgar S. Hadley,* for appellants.
*Edwin H. Flick* and *Stanley Kent,* for respondents.

TOLMAN, J.—This cause was before this court on a former appeal, *Miller v. Nudd,* 149 Wash. 419, 271 Pac. 80, where the final decree, awarding a judgment to be paid out of the property only, directing the sale of the real property involved and providing for the distribution of the proceeds, was in all respects affirmed.

After the going down of the remittitur, the respondents moved the trial court to set aside the sale which

[1]Reported in 281 Pac. 333.

had been had during the pendency of the former appeal and to order a new sale, because, in the order of sale embodied in the decree, the date of sale was fixed for April 15, 1928, which date fell on a Sunday, and the sheriff, in endeavoring to comply with the order, held the sale on Monday, April 16, 1928. In their motion, respondents set forth:

"Plaintiff further represents to the court that, because of said discrepancy between the date fixed in said decree for said sale and the date on which sale was actually made, a question has arisen as to the validity of the title to be acquired by the plaintiff upon a deed being issued to him by the sheriff, and that, to obviate any such question, it is necessary and desirable that said sale as made by the sheriff on April 16, 1928, be vacated and set aside and that a new sale of said property be made by the sheriff of Lewis county upon order of court for the same to be entered herein."

This motion was granted and a new order of sale was entered, to which appellants objected and excepted, and from which this appeal is prosecuted.

Appellant's objections, so far as we deem it essential to discuss them, seem to be (1) that, by so proceeding, the trial court, in effect, set aside a judgment which had been affirmed by, and had thus become the judgment of, this court; and (2) that the order directing the sale to be made for cash and permitting respondents Miller to bid the amount of their judgment is contrary to law.

It is true that the first order of sale was embodied in the final decree or judgment which was affirmed on the former appeal, but, even so, all such matters providing for the execution of a judgment and carrying it into effect were, by the remittitur of this court, again placed within the jurisdiction of the trial court, and it had then the same right and duty to carry the decree into effect as it would have had if no appeal had ever been taken. True, its order of sale or execu-

tion must be so framed as to give the relief which properly flows from the judgment as affirmed, and such as is not contrary or foreign thereto, but after a careful consideration of the various matters in which the appellants contend that the last order of sale differs from the first order embodied in the judgment, we are convinced that while, in some respects, it goes more into detail, yet it gives only that relief which the judgment warrants.

If the sale be contrary to law because respondents Miller are permitted to bid the amount of their judgment, that question could and should have been raised on the former appeal; but, in any event, and assuming that the case of *Cresse v. Loper,* 72 N. J. Eq. 784, 65 Atl. 1001, upon which appellants rely, states the true rule as applied to the usual case of a sale of partnership assets, yet it is not applicable to the peculiar facts of this case. There the partners were not, by the decree, authorized to bid at the sale. Here they were, and, moreover, respondents Miller had a preferred lien upon the property to be sold, the amount of which the order of sale permits them to bid, and appellants could not profit by the sale except only as an amount in excess of Millers' preferred lien was realized. Hence, a bid by respondents Miller to the amount of their preferred lien could in no event work to the disadvantage of appellants.

Finding no error, the order appealed from is affirmed.

MITCHELL, C. J., PARKER, MILLARD, and BEALS, JJ., concur.