Haul, J.
 

 delivered the opinion of the Court:
 

 This suit was ordered to the Supreme Court for decision by the Superior Court of Buncombe, at' October term, 1818 ; and by that order, and the act of 1818, c. 1, this Court acquired jurisdiction over the case. The Superior Court had no. power to proceed further in it, until after the decision of this Court upon the question submitted to it. The proceedings, therefore, of April term, 1820, cannot be regarded as any part of the record upon which this Court is to pronounce judgment. We can recognize that record only which comes from the Court held in 1818.
 

 By that, it appears tiiat the suit was bi-ought in October, 1816 — more than three years after the contract was entered into, which was in November, 1811. The Defendant hath pleaded the statute of limitations; and, in order
 
 *44
 
 to avoid its operation, the Plaintiff relies upon that part of the countract by which it was made his duty to bring suit against Hogsett before he could bring the present suit. ^ I am of opinion that the charge of the Judge was correct, as well as the finding of the Jury in conformity thereto. Ten months had elapsed from the time the contract was made before suit was brought against Hogsett; which was more than a reasonable time for that purpose, and cannot be supported by the contract, by which he was bound to do it
 
 in a short time.
 
 I therefore think that the Plaintiff’s claim in this action, for the money for which he sold his land to the Defendant, is not taken out of the operation of the statute of limitation. As to the circumstance of the Defendant’s having no effects in the hands of Hogsett, as evidenced by the.plea of
 
 non est factum
 
 being found for him, it may be observed, that that issue migiit have been so found for want of testimony: the subscribing witness might not have been present, or, if none, other sufficient testimony perhaps was wanting. But, if it were otherwise, there was a reason still why the obligation raised by law of suing in a reasonable time, and giving notice to Smith, should not be dispensed with, when it is recollected that Hogsett’s bond was not given to
 
 Smith,
 
 but to
 
 Carson;
 
 and if the note were not genuine, Smith might be ignorant of that fact, and would naturally look to Carson for redress. But this inquiry is unnecessary' — the Plaintiff’s delay in suing Hogsett makes it so. That delay will not admit of his availing himself of any excuse for not bringing the present action within three years after the cause thereof accrued. Let the rule for a new trial be discharged.