MRS. S. T. GRAVES, Administratrix of S. T. GRAVES, Deceased, v. MARTHA J. O'CONNOR, Executrix and Trustee of WILLIAM O'CON-NOR, Deceased.

(Filed 2 July, 1930.)

1. **Contracts B d—Arbitrariness in refusing to sell is necessary for recovery on contract for payment of sum upon sale of property.**

Where in an action upon a contract under the terms of which the grantee of lands agrees to pay to the plaintiff a certain amount per acre for services rendered by the plaintiff in the purchase of the land, the amount to be paid upon the sale of the land by the grantee: *Held,* the contract specifying no time within which the sale was to be made, the

doctrine of reasonable time applies, but an issue making the mere lapse of time directing and conclusive upon the question of whether the grantee should have sold the land under the agreement is erroneous, the issue submitted should have been framed in such a way as to enable the jury to find from the evidence whether the grantee arbitrarily or unreasonably refused to sell or whether by the exercise of due diligence he could have sold the land at a fair price.

2. **Trial E c—Instruction which fails to explain the law if the jury finds the facts according to contention of party is error.**

An instruction which fails to explain the law if the facts should be found by the jury as outlined in the contentions of a party is erroneous.

STACY, C. J., and CLARKSON, J., concurring in result.

APPEAL by defendant from *Finley, J.,* at January Term, 1930, of HAYWOOD. New trial.

The plaintiff brought suit to recover a sum alleged to be due by the defendant for services rendered by the plaintiff's intestate on a contract for the sale of land.

On 21 December, 1908, C. H. Rexford and W. A. Rexford signed the following instrument under their seals:

21 December, 1908.

State of North Carolina—County of Buncombe.

Witnesseth: That for services rendered by S. T. Graves to C. H. Rexford and W. A. Rexford in the purchase of about forty thousand (40,000) acres of timber land lying in the counties of Jackson and Transylvania, North Carolina, and Oconee County, South Carolina, and Rabun County, Georgia, C. H. and W. A. Rexford do agree and bind themselves to pay to S. T. Graves 50 cents per acre as his interest, and is due and payable when all or any part of the lands are sold, and they agree not to put any encumbrances on said lands that will in any way affect or impair the value of said Graves' interest without first making a satisfactory arrangement with S. T. Graves regarding his interest. And it is further agreed that they are to refund all monies paid to McDade and L. P. Dendy for option and help in getting up these lands.

C. H. REXFORD. (Seal.)
BY W. A. REXFORD, Attorney in Fact.
W. A. REXFORD. (Seal.)

Witness: M. C. GRESHAM, A. M. JONES."

In 1916 C. H. Rexford and W. A. Rexford conveyed their lands to William O'Connor, the defendant's testator, whether absolutely or only as security not definitely appearing. The plaintiff alleged that upon conveyance of the lands to O'Connor, S. T. Graves, the Rexfords, and

O'Connor entered into an agreement that upon a sale by O'Connor of the lands referred to O'Connor should pay to the plaintiff the debt due him by the Rexfords, namely, fifty cents an acre for 40,000 acres, amounting to $20,000, together with $1,291 advanced by the plaintiff's intestate to McDade and Dendy.

It was in evidence that in 1929 an agreement was made by W. A. Rexford, administrator of C. H. Rexford, deceased, the heirs at law of C. H. Rexford and W. A. Rexford individually, and Martha J. O'Connor individually and as executrix and trustee of William O'Connor and his heirs at law; and that this agreement embraced these facts: (1) $650,000 is the sum expended by William O'Connor and his estate in payments to C. H. Rexford on the lands conveyed to O'Connor by the Rexfords, and in removing liens and perfecting the title, and in paying attorneys' fees and taxes; (2) the Rexfords were given one year from 1 August, 1929, to sell and dispose of the lands, and upon payment by them to the O'Connor estate of $650,000, with interest from 1 August, 1929, and the taxes for 1929, the O'Connor heirs agreed to execute and deliver to the Rexfords or such persons as they should designate a quit-claim deed for all the O'Connor interests in the lands; (3) the Rexfords agreed, in case they failed to make payment as set out above on or before August 1, 1930, to forfeit all the right, title, claim, estate, and interest they have in the lands and to consent that a judgment to this effect be signed by the resident judge of the Eighteenth Judicial District or the judge assigned to hold the courts therein.

The jury returned the following verdict:

1. Did C. H. Rexford and W. A. Rexford agree to pay the plaintiff the sum of fifty cents per acre for services rendered in the purchase of about 40,000 acres of land referred to in the pleadings, upon the sale thereof, together with the sums advanced by the plaintiff by way of option money and other expenses, as alleged in the complaint? Answer: Yes.

2. Did William O'Connor, deceased, for a valuable consideration, agree to assume and carry out the terms of said contract for the payment to the plaintiff of fifty cents per acre for said lands, upon the sale thereof, as alleged in the complaint? Answer: Yes.

3. Did William O'Connor, deceased, for a valuable consideration, agree to assume and carry out the terms of said contract for the payment to the plaintiff of such sums as he advanced to McDade and L. P. Dendy, as alleged in the complaint? Answer: Yes.

4. Have Martha J. O'Connor, executrix and trustee of the estate of William O'Connor, deceased, and the heirs at law of William O'Connor, deceased, sold or contracted to sell said lands, as alleged in the complaint? Answer: Option.

5. Has a reasonable time elapsed within which said lands could and should have been sold, as alleged in the complaint? Answer: Yes.

6. Is plaintiff's cause of action barred by the statute of limitations, as alleged in the answer? Answer: No.

7. Is plaintiff's cause of action barred by the statute of frauds, as alleged in the answer? Answer: No.

8. What amount, if anything, is the plaintiff entitled to recover of the defendant? Answer: $20,831.00.

Judgment for the plaintiff and appeal by the defendant upon assigned error.

*Morgan, Ward & Stamey, Alley & Alley and Joseph E. Johnson for plaintiff.*

*Geo. H. Smathers, W. W. Candler and John M. Queen for defendant.*

ADAMS, J. Under the terms of the original contract S. T. Graves, the plaintiff's intestate, was to be paid for his services by C. H. Rexford and W. A. Rexford; but the plaintiff prosecutes this suit against the executrix of William O'Connor on the theory that the Rexfords, S. T. Graves, and William O'Connor mutually agreed that the lands should be conveyed to O'Connor and that he should become liable to the plaintiff's intestate in accordance with the terms of the Rexford contract. The plaintiff alleged and offered evidence tending to show that O'Connor agreed to pay the plaintiff the compensation fixed by the Rexford contract "upon the sale of the lands so conveyed to him by the said C. H. and W. A. Rexford." In the complaint there is an allegation of an implied agreement between the plaintiff and William O'Connor that the latter would endeavor to effect a sale within a reasonable time; but this may be treated as an inference of law rather than an allegation of fact. William O'Connor died in August, 1926, never having made a sale of the property. Nor has it since been sold. It appears from the answer to the fourth issue that the executrix and the heirs of William O'Connor gave an option; but this, we apprehend, refers to the agreement to convey to the Rexfords or their representatives upon payment of $650,000 on or before 1 August, 1930. At any rate, an option is not a sale. The action was commenced 14 November, 1929.

It is in the light of these facts that we must consider the fifth issue and the instruction upon which it was answered by the jury. So considered, the instruction, the issue, and the answer, in our opinion do not embody an accurate statement of the controlling principle. The form of the issue makes the mere lapse of time the directing and conclusive element. S. T. Graves was to be paid for his services upon a sale of all or any part of the lands in question. The contract specified

no period within which the sale should be made. It is true that when no time is specified for doing a thing or executing an agreement the doctrine of reasonable time applies. *Michael v. Foil,* 100 N. C., 178, 191; *Winders v. Hill,* 141 N. C., 694, 704. When the act to be done is entirely within the power of the obligor, the party to be charged, the question whether the act is done within a reasonable time is ordinarily a matter of law to be adjudged by the court. *Waddell v. Reddick,* 24 N. C., 424. Instances of this kind fall within the class of cases in which the time taken is so clearly reasonable or unreasonable as to leave no room for doubt. The principle was applied in *Murray v. Smith,* 8 N. C., 41, it appearing that the plaintiff had failed to bring suit within a reasonable time. But there are cases in which the question must be left to the jury. In *Holden v. Royall,* 169 N. C., 676, the Court said that "where the question of reasonable time is a debatable one, it must be referred to the jury for decision," citing *Claus v. Lee,* 140 N. C., 552 and *Blalock v. Clark,* 137 N. C., 140.

In the case before us the question of reasonable time was submitted to the jury; but other elements are involved in the controversy on this point. The sale of the several tracts of land was not dependent exclusively upon the will of William O'Connor. There must have been a buyer. O'Connor may have desired to sell the property and may have made a reasonable effort to do so, but without success. He may have had an opportunity to sell and may have declined to do so, reasonably or arbitrarily. To what extent these factors influenced his conduct is not determined by the verdict. The issue should be framed in such way as to enable the jury to find from the evidence whether William O'Connor arbitrarily or unreasonably refused to sell the lands or whether by the exercise of due diligence he could have made a sale thereof at a fair and reasonable price.

With respect to "reasonable time" his Honor gave the jury this instruction: "While the contract itself says 'when the lands are sold,' yet there are exceptions to that general rule, and that in order to keep it from being a perpetuity, or to prevent the parties from never selling and thereby defeating the plaintiff's claim, the law says a reasonable time, and the court charges you that it seems to be the law and, as far as this case is concerned, is the law, and the question for you to determine is whether or not the plaintiff has satisfied you by the greater weight of the evidence that a reasonable time has elapsed within which said lands could and should have been sold."

If we concede the contention that William O'Connor could have sold the lands, we see in the instruction no rule for guiding the jury in finding under what circumstances he should have made the sale. While he was not required to dispose of his property at a sacrifice, he had

no right to defeat the plaintiff's claim by arbitrarily refusing to sell. The question is whether by the exercise of due diligence he could have complied with his contract and have reasonably protected his own interests.

The instruction is defective in one other respect. There is evidence tending to show that William O'Connor became liable on the contract in 1916; but the jury was permitted to consider as against him the time elapsing since 1908. It is true that the recital of the evidence on this point was given as contentions; but it was given as the contentions of the plaintiff. The error consists in a failure to explain the law if the facts should be found by the jury as outlined in the contentions. The jury may have found, according to the instruction, that O'Connor was liable on the contract from the date of its execution by the Rexfords. The defendant is entitled to a

New trial.

STACY, C. J., concurs in the result, but does not assent to the suggestion that the defendants obligated themselves to sell within a reasonable time or to exercise due care to this end, unless the whole contract is to be interpreted as meaning, what it does not express, that such was within the reasonable contemplation of the parties. Plaintiff's intestate was content with the covenant that his interest should become "due and payable when all or any part of the lands are sold," thus placing upon himself, or the plaintiff, the necessity of showing, as a condition precedent to the right of recovery, that the defendants had arbitrarily refused to sell in the face of a reasonable offer, or in some other way had fraudulently sought to defeat the plaintiff's rights. *Ingle v. Green, ante,* 149.

CLARKSON, J., concurs in this opinion.