Nash, C. J.
 

 The action is brought on a promissory note. It was executed by defendants’ testator, on the 11th July, 1849, and payable on demand. The payee endorsed it to the plaintiff on the 17th day of June, 1851, and demand was made on the 25th of the same month. The note was dishonored dt the time of its endorsement, and subject, in the hands of the endorsee, to all the defences it would have been, if still held by the endorser. There is no precise time established in law, within which a note payable on demand must be presented for payment, so as to protect an endorsee against the equities which the maker may have upon the payee or endorser. If transferred before dishonored, the endorsee will hold it freed from any dealings between the maker and payee had before that time; if after, he holds it as the payee did, and subject to all his liabilities upon it. When a note is made paya
 
 *41
 
 ble on demand, or when no time of payment is expressed, it is payable instantly on demand, without any allowance of days of grace; and it must be presented for payment within a reasonable time after the receipt of it — Chit, on Bills, 269; and if not so presented, the note will be dishonored.
 
 Bowler
 
 v.
 
 Jones,
 
 John. Rep. 203; Chit, on Bills, 12T. What is reasonable time depends upon the circumstances of each case. Here the original parties lived in a mile or two of each other, and the note was not endorsed until near two years after its execution. It ivas then dishonored, and the defendant was entitled as against the plaintiff to the full benefit of his claims against Threadgill, the pajrne of the note.
 
 Elliott
 
 v.
 
 Smitherman, 2
 
 Dev. & Bat. 338.
 

 In
 
 Winslow and Martin,
 
 2 Mason 141, a neglect in demanding a note payable on demand, for seven months, was held an unreasonable delay.
 

 We see no error in the opinion of his Honor below, and the judgment is affirmed.
 

 Per Curiam. Judgment affirmed.