JOHN A. ERVIN et al. v. MARY C. BROOKS, Administratrix.

*Bond—Statute of Limitations—Married Woman—Trustee— Time of Payment.*

1. When no time is specified for the payment of a bond it is due at its execution, and the statute of limitations begins to run at once.
2. The fact that it was made payable to the husband when it ought to have been to the wife, does not arrest the running of the statute; he was her trustee and not under disability.
3. His assignment of the note to her could not arrest the running of the statute; it had begun to run before assignment.

This was a CIVIL ACTION, tried at the Spring Term, 1892, of ONSLOW Superior Court before *Winston, J.*

The facts are stated in the opinion.

No counsel for plaintiffs.
*Mr. R. H. Battle,* contra.

SHEPHERD, C. J.: This action was commenced on the 16th of June, 1890, and is founded upon a bond executed by the defendant's intestate on the 25th of November, 1872, and payable to John A. Ervin or order.

. There being no time specified for the payment it was due at once, and the statute of limitations began to run from its date. *Caldwell* v. *Rodman*, 5 Jones, 139; *Little* v. *Dunlap*, Busb , 40; Angell Stat. Lim., 114. This being so, and there being no partial payments, nor any written promise or acknowledgment, it is plain that the bond was barred by the statute, even before the death of the obligor in January, 1883.

It is insisted that the consideration of the bond was money arising from the sale of the land of the *feme* plaintiff, and it was alleged that the name of her husband was inserted as obligee by reason of a mistake of the parties. It is therefore argued that, as the *feme* plaintiff has been under the disability of coverture ever since the execution of the instrument, she cannot be barred by the lapse of time. His Honor very properly held that there was no evidence of such mistake, and it must necessarily follow that the plaintiff's contention in this respect must fail.

Treating the case, however, in the most favorable aspect for the *feme* plaintiff, and assuming that the husband held the bond as a trustee for her benefit, we are unable to see how she can recover. There is no suggestion of fraud in the case, and it appears that on the night succeeding the execution of the bond it was delivered to her by her husband with full knowledge of the facts. She made no objection to the insertion of her husband's name as payee, and has never taken any steps to have him declared a trustee. Indeed, it was unnecessary that she should have done so, as the assignment by delivery was sufficient to vest in her the beneficial ownership.

The husband, then, being a trustee (certainly up to the time of the assignment to the *feme* plaintiff), and the bond being due immediately upon its execution, it is clear that the statute commenced to run against him from its date, and it is a familiar principle of law, subject to but few exceptions (none of which apply to this case), that when the statute "once begins to run it never stops." *Chancey* v. *Powell*, 103 N. C., 159; Wood Stat. Lim., 8.

If it commenced to run against the husband (trustee), the subsequent transfer of the bond to the *feme* plaintiff did not have the effect of suspending its operation (*Chancey* v. *Powell*, *supra*, Clark's Code, § 169, and cases cited), and it is well settled that if the trustee is barred, the *cestui que trust* is barred also. *King* v. *Rhew*, 108 N. C., 696; *Wellborn* v. *Finley*, 7 Jones, 228; *Clayton* v. *Cagle*, 97 N. C., 300.

We have carefully examined the cases cited by the plaintiffs' counsel, and are of the opinion that they are not inconsistent with the conclusion we have reached.

Affirmed.