FRANK HOLDEN ET AL. v. JOHN A. ROYALL.

(Filed 20 October, 1915.)

1. **Limitations of Actions—Contract Price — Payment — Reasonable Time — Questions for Jury.**

In an action to recover the balance of the purchase price of lands, with allegation and evidence that the defendant purchased the interest therein of the several plaintiffs at a certain price upon agreement that they should receive the same as the other owners of the land, who had subsequently been paid a greater price, the defendant pleaded the statute of limitations, three years and a day or two having elapsed since the transaction with an owner receiving a larger sum. There was evidence *per contra.* *Held,* the character of the transaction, if established, implied that the defendant should be given a reasonable time in which to pay the plaintiffs this difference in price, and this question of reasonable time was one to be determined by the jury, together with the question of whether the alleged agreement had been made.

**2. Contracts—Purchase Price—Definite Sum—Pleadings—Issues.**

Where the plaintiff in his action seeks to recover a certain sum in addition to that he has received from the defendant for his land, and the defendant denies that he owes more than he has paid, with conflicting evidence as to the extent of the plaintiff's interest in the lands, but the defendant does not seek to set aside the sale and there is no averment of imposition or fraud: *Held,* no issue is raised in diminution or rebuttal of the plaintiff's demand, the question being whether or not the defendant had definitely agreed to pay this further sum of money.

APPEAL by defendant from *Daniels, J.,* at the October Term, 1914, of SAMPSON.

Civil action. Action was instituted 29 January, 1914, and plaintiffs, three of the sisters of defendant, alleged and offered evidence tending to show that, in 1909, defendant bought of plaintiffs their interest in the land of their father, deceased, each for the sum of $75, and agreed that, if he had to pay any greater sum for procuring any of the other interests, he would come back and pay plaintiffs the amount of the difference, making each and all of them equal; that subsequently, towit, on 28 January, 1911, defendant bought the interest of another sister, paying therefor the sum of $200. The action is to recover for each of plaintiffs $125=$375, the amount due as per terms of the alleged agreement.

Defendant denied the agreement as alleged, offering evidence in support of his denial, and pleaded the statute of limitations in bar of the demand. There was evidence tending to show that one plaintiff lived two and a half miles from defendant, another about three miles, and another about thirteen miles, and Mrs. Bradshaw twenty miles.

There was verdict for plaintiff on the issue establishing the claim and on the statute of limitations. Judgment on the verdict, and defendant excepted and appealed.

*J. C. Write, H. E. Faison for plaintiff.*
*John D. Kerr for defendant.*

HOKE, J. The issue as to defendant's liability was properly submitted to the jury, as a question of fact, and was resolved by them in favor of plaintiffs.

On the statute of limitations, it will be noted that defendant bought certain lands and paid the $200 to Mrs. Bradshaw for her part on 28 January, 1911, and the action was commenced on 29 January, 1914, so that, if plaintiffs' cause of action accrued instanter on the payment of the money, the claim is barred. The court below, however, held that, under the terms of the agreement, if established, as claimed by plaintiffs, the defendant had a reasonable time, after buying Mrs. Bradshaw's land, in which to pay the additional amount; that plaintiffs' cause of action

did not accrue till such time had elapsed, and referred it to the jury to determine "whether one or two days, say two days," was a reasonable time or otherwise, etc.

It is very generally recognized that when the time for the obligations of a contract to become effective is left indeterminate, a "reasonable" time is to be allowed (*Winders v. Hill,* 141 N. C., pp. 694 and 705; *Michael v. Foil,* 100 N. C., p. 178; *Houghwont v. Boisanbin,* 18 N. J. Eq., p. 315; Clark on Contracts, p. 433), and, in application of the principle, "When a contract is made to do an act which it is evident was not intended by the parties should or would be done until certain other things are done, the statute of limitations does not begin to run until a reasonable time after such things are done." 1 Wood on Limitations (2 Ed.), p. 323. And, in this State, authority is to the effect that, where this question of reasonable time is a debatable one, it must be referred to the jury for decision. *Claus v. Lee,* 140 N. C., p. 552; *Blalock v. Clark,* 137 N. C., p. 140.

This being the doctrine, as it obtains with us, we concur in his Honor's view, that the present case comes within the principle.

Under the facts and attendant circumstances, as they have been accepted by the jury, it would have been a hard measure of justice to have subjected defendant to an action in the courts by each and all of these plaintiffs, situate in different localities, and the very instant he was required to pay more for an interest than he had paid them, and, the time being left indeterminate by the agreement, he was properly allowed a reasonable time to "go back and pay them," and plaintiffs' cause of action, therefore, did not accrue till there was default in this obligation.

We are not inadvertent to a line of decisions in this State which very insistently hold that, where a cause of action exists, mere ignorance of the facts constituting the same will in no wise prevent or interrupt the running of the statute. See *Blount v. Parker,* 78 N. C., p. 128, and several other decisions to like effect; but, in these cases, it will be noted that the cause of action had accrued, whereas the present case has been decided on the ground that until a reasonble time had elapsed after the payment to Mrs. Bradshaw, no right of action had accrued to plaintiffs, and the statute, therefore, did not commence to run before that time.

There are additional allegations in the answer, with evidence tending to show that the title to a good portion of the lands purchased was already in defendant, and there is also evidence on the part of plaintiffs tending to show that plaintiffs owned all that they purported to sell. But defendant does not seek to set aside the sale, nor is there any averment of imposition or fraud on the part of plaintiffs. The answer here amounts to no more than this: that, accepting defendant's claim

in this respect to have been established, the vendors did not have as great an interest in the property as both sides supposed, at the time of the purchase, and we concur also in the ruling of his Honor to the effect that these averments of defendant's answer raise no issue in rebuttal or diminution of plaintiffs' demand. We are of opinion that the case has been tried in accordance with our decisions, and the judgment in plaintiffs' favor is affirmed.

No error.