INTERNATIONAL MINERALS AND METALS CORPORATION v. BEN WEINSTEIN AND ALEXANDER WEINSTEIN, INDIVIDUALLY AND TRADING AS WEINSTEIN HIDE & METAL COMPANY.

(Filed 26 November, 1952.)

1. Contracts § 10—

Where the agreement between the parties does not specify the time of performance, the law prescribes that the act must be performed within a reasonable time.

2. Same—Supplemental agreement held to extend time for performance for reasonable period.

Defendants, by written contract, agreed to deliver a certain quantity of scrap metals to plaintiff at a specified price by a specified time, with further provision that upon failure of delivery, plaintiff might buy in the open market at any time within sixty days after delivery was due, and charge defendants with the difference in cost. Thereafter by supplemental oral agreement, made within sixty days after delivery was due, defendants agreed to ship the metals in accordance wtih the terms of the original contract as soon as defendants could dispose of certain other business matters, and plaintiff, in reliance thereon, did not buy the metals in the open market within the sixty day period. Over four months thereafter, plaintiff notified defendants that plaintiff would purchase the metals in the open

market if delivery was not made within twenty-one days, and defendants notified plaintiff they would not deliver the metals. *Held:* Defendants' contention that the oral agreement modified the original contract so as to make delivery due at the convenience of defendants is untenable, but the oral agreement only extended the time for delivery for compliance by defendants within a reasonable time under the circumstances outlined in the oral agreement, and where plaintiff purchases in the open market thereafter, he is entitled to recover of defendants the difference between the contract price and the market price.

### 3. Contracts § 18—

Notification by the purchaser that he would accept delivery if made by a specified date in accordance with an oral supplemental agreement extending the time for delivery for a reasonable period after the delivery date specified in the original contract, *held* not to constitute a waiver of the seller's breach in failing to make delivery in accordance with the original contract as modified.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Carr, J.,* March Term, 1952, of WAKE.

Civil action to recover the difference between the market and contract price of certain materials which the defendants agreed to deliver to the plaintiff but failed to do so.

The plaintiff and defendants entered into a written contract dated 1 May, 1948, by the terms of which the defendants agreed to sell and ship one carload of scrap metal, consisting of ten tons of assorted scrap copper and ten tons of automobile radiators, to the plaintiff within thirty days. Specifications were agreed upon, and the price the plaintiff was to pay for the various types of scrap copper and the other materials was set out in the contract.

The contract also provided that if the defendants failed to ship the materials specified in the contract within the time prescribed, that the plaintiff should have the right to buy like materials in the open market at any time within sixty days after delivery was due, and to charge the defendants with the difference in cost in the event it was compelled to pay a higher price in the open market than that agreed upon in the contract. Delivery was due 31 May, 1948, but was not made.

Thereafter, it is alleged by the plaintiff that the plaintiff's agent and the defendants entered into a supplemental oral agreement on or about 11 June, 1948, whereby the defendants agreed and promised to ship the materials contracted for in accordance with the terms of the original contract as soon as the defendants could dispose of certain other matters of business in which they were then engaged; that the plaintiff relied on said promise and agreement and did not buy in the materials contracted for within the sixty-day period set by the terms of the original contract; that during the summer and early fall of 1948 the defendants continued

to promise and agree to ship the materials contracted for, and not until 25 October, 1948, did the defendants notify the plaintiff through its agent that they would not ship the materials.

Plaintiff offered testimony tending to support the allegations of its complaint including the amendments thereto. On 25 October, 1948, the plaintiff notified defendants by registered letter that unless shipment of the materials called for in the original contract was made by 15 November, 1948, the plaintiff would buy such materials in the open market and charge the defendants with the difference between the contract price and the price it had to pay. The defendants did not ship the materials and the plaintiff went into the open market on 17 November, 1948, and purchased such materials at a cost of $1,075·greater than the contract price.

The court submitted the following issues which were answered by the jury as indicated:

"1. Did the plaintiff and the defendants enter into a supplemental oral contract by which the time for the delivery of the scrap material described in the written contract was extended, as alleged in the Amended Complaint?

"Answer: Yes.

"2. If so, did the defendants breach said written contract and said supplemental oral contract, as alleged in the Complaint and the Amended Complaint?

"Answer: Yes.

"3. What damage, if any, is the plaintiff entitled to recover of the defendants?

"Answer: 1075.00."

From the judgment entered on the verdict the defendants appeal and assign error.

*Ehringhaus & Ehringhaus for defendants, appellants.*
*Smith, Leach & Anderson for plaintiff, appellee.*

DENNY, J. The only assignment of error brought forward and argued in the appellants' brief is based upon their exceptions to the failure of the court below to sustain their motion for judgment as of nonsuit.

The defendants contend that the "supplemental oral agreement" left the delivery date indefinite, and converted the original contract into one for the purchase and sale of materials at a stated price, delivery to be made at the convenience of the seller. We do not concur in this view.

We construe the supplemental oral agreement to do nothing more than to extend the time of delivery temporarily and to assure the defendants that during the time of such extension, the plaintiff would not exercise its right to go into the open market and purchase the materials. The

plaintiff's evidence tends to show that each time the defendants were contacted prior to 25 October, 1948, they promised to make shipment. But, on the above date, the plaintiff's agent was informed by the defendants that shipment would not be made until the market went down to where it was when the contract was made. There is nothing in the alleged supplemental oral agreement, or in the testimony of the defendants, to indicate that the time for delivery was in any way made dependent upon the status of the market. Neither is there anything in the evidence offered by the defendants to indicate that the failure to make delivery was due to the other business matters in which the defendants were engaged when the time for delivery was extended.

Manifestly, it was the duty of the defendants to act with reasonable promptness and diligence to comply with the terms of their contract. And when the plaintiff extended the time for delivery for the reasons stated, it was under no obligation to wait any longer than was reasonably necessary under the existing circumstances for the defendants to comply with their agreement. "If no time for the performance of an obligation is agreed upon by the parties, then the law prescribes that the act must be performed within a reasonable time." *Trust Co. v. Insurance Co.,* 199 N.C. 465, 154 S.E. 743; *Erskine v. Motors Co.,* 185 N.C. 479, 117 S.E. 706, 32 A.L.R. 196; *Winders v. Hill,* 141 N.C. 694, 54 S.E. 440. Certainly the defendants are in no position to complain because they were extended additional time to carry out the terms of their contract. This is particularly true since the extension of time was given in response to their promise to ship the materials. Neither can it be seriously contended that the plaintiff did not give the defendants a reasonable time in which to ship the materials after the extension of time for shipment was given on 11 June, 1948.

We hold that when the defendants informed the agent of the plaintiff that they would not ship the materials described in the contract until the market fell to where it was when the contract was made, such action constituted a breach of the original contract and of the supplemental oral agreement. And the fact that the plaintiff notified the defendants that the materials contracted for would be accepted if shipped prior to 15 November, 1948, did not constitute a waiver of the breach, if the materials were not shipped, so as to prevent the plaintiff from going into the open market at any time within sixty days from and after 25 October, 1948, and purchasing the materials as it was authorized to do under the terms of the original contract.

The case was submitted to a jury in a trial free from prejudicial error. And the facts and contentions of the respective parties were considered by the jury, and the issues answered against the defendants. The verdict will be upheld.

No error.

PARKER, J., took no part in the consideration or decision of this case.