Milton ISEN et al., Appellants,

v.

GIANT FOOD, INC., Appellee.

No. 16146.

United States Court of Appeals District of Columbia Circuit.

Argued May 4, 1961.

Decided June 29, 1961.

Petition for Rehearing Denied Aug. 9, 1961.

Mr. Irving B. Yochelson, Washington, D. C., with whom Messrs. Solomon Grossberg and Isadore Brill, Washington, D. C., were on the brief, for appellants. Mr. Alfred Burka, Washington, D. C., also entered an appearance for appellants.

Mr. Bernard Gordon, Washington, D. C., with whom Messrs. Raymond R. Dickey and Robert F. Rolnick, Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

Alleging breach of contract, our appellants sued appellee for specific performance or damages. They appeal from an order of the District Court which granted summary judgment for appellee on the ground that the contract violated the rule against perpetuities.

Appellants owned contracts to purchase certain unimproved land in Fairfax County, Virginia, contingent on obtaining zoning for commercial purposes. Appellee, which operates a food market chain, desired that appellants build a store for its rental on a portion of the land. Accordingly the parties entered into an "Agreement to Lease," dated October 27, 1959, which provided in pertinent part: That appellants, as landlords, "will diligently pursue" the pending petition for commercial zoning and that appellee, as tenant, will "cooperate to the end that such zoning be obtained as soon as possible"; that upon obtaining such zoning, appellants will acquire the property under its contract to purchase; that within twenty days after such acquisition, the parties will execute a lease identical with the form of "Agreement of Lease" attached to the "Agreement to Lease." Although appellants thereafter obtained the zoning and acquired the property, appellee refused to execute the "Agreement of Lease."

■■ Since the land here involved is located in Virginia, the law of that jurisdiction with respect to the rule against perpetuities applies. Virginia follows the common-law rule:

"Any executory interest which, by possibility, may not take effect until after lives in being and twenty-one years and ten months, is *ipso facto* and *ab initio* void." [Burruss v. Baldwin, 199 Va. 883, 887, 103 S.E.2d 249, 252 (1958), quoting from Graves' Notes on Real Property § 215 p. 256 (1912)].

■ The "Agreement to Lease" creates an interest subject to the rule against perpetuities. 3 Simes & Smith, The Law of Future Interests § 1242 (1956). The question before us is whether zoning may occur beyond the period of perpetuities, since the vesting of the equitable interest created by the "Agreement to Lease" is contingent upon zoning. The rule does not require that this interest be certain of vesting within the period of perpetuities; it need only be certain that the interest will vest *if at all* during that period. See Shirley v. Van Every, 1933, 159 Va. 762, 167 S.E. 345.

■ Appellee says that it is not certain that its interest would vest within the period of perpetuities since the "Agreement to Lease" did not specifically prescribe the time within which zoning must be obtained. We think, however, that the agreement required that zoning for commercial purposes, if obtained at all, must be obtained within a reasonable time and that such time, in the circumstances of this case, is certainly within

the period of perpetuities. This reasonable time prescription plainly appears from the provisions of the agreement wherein appellants undertook to "diligently pursue" the already pending zoning application[1] and appellee undertook to cooperate in obtaining zoning "as soon as possible." Where an instrument provides that an interest subject to the rule must vest, if at all, within a reasonable time and the reasonable time will under the circumstances necessarily be within the period of the rule, the contingent interest does not fail under the rule. See 3 Simes & Smith, The Law of Future Interests § 1228 (1956), and cases cited therein.

Appellee also contends that, if the "Agreement *of* Lease" is read together with the "Agreement *to* Lease," the rule is violated because under the former the leasehold interest may not vest within twenty-one years. The "Agreement *of* Lease" provided, *inter alia*, that the term of the lease should not commence until fifteen days after completion of construction; such completion to occur no later than August 1, 1961, except that this date may be extended to the extent of delays for causes beyond appellants' control. Appellee contends that since such delays could conceivably postpone completion, and consequently the commencement of the term of the lease beyond the period of the rule, the "Agreement *of* Lease" and therefore the "Agreement *to* Lease" are unenforceable.

Appellee relies upon Haggerty v. City of Oakland, 1958, 161 Cal.App.2d 407, 326 P.2d 957, 66 A.L.R.2d 718, in which it was held that an interest created by lease did not vest until the commencement of the lease's term which was contingent upon the completion of construction of a building for the lessee by the lessor. Under Virginia law, however, an interest in property is vested when there exists a present right to possession at either a present or future time. See

Allison v. Allison's Ex'rs, 1903, 101 Va. 537, 44 S.E. 904, 63 L.R.A. 920. Thus, if upon execution of the "Agreement *of* Lease" appellee had a present right to possession at a future time, its interest was vested and not subject to the rule.[2] That appellee had such an interest is apparent from the provision of the agreement that the "Landlord does hereby lease and demise unto the Tenant * * * [the property] together with the building *to be* constructed * * *." (Emphasis supplied.) This is language of present rather than future effect. Since the leasehold interest was to vest upon the execution of the "Agreement *of* Lease," rather than upon commencement of the term of the lease, the rule against perpetuities is not applicable.

Reversed.

---

1. Haggerty v. City of Oakland, 1958, 161 Cal.App.2d 407, 326 P.2d 957, 966, 66 A.L.R.2d 718 (dissenting opinion).

2. See Annotation, 66 A.L.R.2d 733, 735–739.