SYLVIA RODIN AND GERTRUDE GROTEN v. EBEN MERRITT

No.7915SC639

(Filed 5 August 1980)

**Vendor and Purchaser § 2– vesting of title after conditions met – rule against
perpetuities inapplicable – vesting of title in four years – reasonable time**

Where the parties entered into an agreement for the sale of land with
title to vest after certain conditions had been met, including having the
property rezoned and annexed to the city, obtaining approval for the desired
development from all necessary state and local governmental agencies,
satisfying themselves that there was adequate water supply and sewage
disposal, filing such subdivision plats as might be required, and obtaining
building permits, the agreement was not violative of the rule against perpe-
tuities since the conditions contained in the contract would be accomplished,
if at all, within a reasonable time; a reasonable time would not extend
beyond 21 years; the parties did not intend the contract to extend beyond a
reasonable time; the purchaser was given the right to elect to waive any of
the conditions and to call for closing in advance of the time set by giving
notice in writing to seller's attorney; and this the purchaser did approx-
imately four years after execution of the contract. Therefore, the trial court
erred in ruling that the agreement was void and unenforceable as a matter
of law.

Appeal by plaintiffs from *McKinnon, Judge.* Judgment en-
tered 11 May 1979, Superior Court, Orange County. Heard in
the Court of Appeals 30 January 1980.

By this action plaintiffs seek a declaratory judgment, pur-
suant to G.S. 1-253 *et seq.* declaring that an agreement entered
into between defendant and Rillstone Properties, Inc., on 25
July 1974, is valid and enforceable. Plaintiffs also seek a decree
of specific performance requiring defendants to "cause the title
to the property which is the subject of this Contract to be
conveyed to a bank or trust company to be held by such bank or
trust company as Trustee for the benefit of the seller" pursuant
to the terms of the contract and to comply fully with all the

Rodin v. Merritt

obligations under the contract. Plaintiffs are the assignees of Rillstone Properties, Inc. On or about 21 September 1978, counsel for plaintiffs wrote to defendant's counsel requesting that, pursuant to the final paragraph on page 4 of the contract, defendant "cause the title to the property described in said Agreement to be conveyed to a bank or trust company within thirty (30) days from the date of this letter, which bank or trust company shall hold the property for the benefit of Mr. Merritt pursuant to the terms of said Contract and which bank or trust company shall receive explicit and express instructions that it is authorized and directed to deliver title to said property to my clients pursuant to said Agreement."

Defendant's counsel, by letter dated 10 October 1978, advised that Mr. Merritt did not agree to transfer title to the property to a bank or trust company.

On 28 November 1978, plaintiffs instituted this action. Defendant answered, including in his answer a motion to dismiss, based on contentions that defendant's wife is a necessary party and that the court lacks jurisdiction to adjudicate plaintiffs' claim. Further, he averred as his first defense, that plaintiffs' complaint failed to state a cause of action. By his second defense, he denied the principal allegations of the complaint. In his third defense, he averred that the agreement is not enforceable because no consideration has been paid and because it contains no time for performance, a period in excess of four years being an unreasonable time. He then filed a motion for judgment on the pleadings under G.S. 1A-1, Rule 12(c).

On hearing of the motion to dismiss and motion for judgment on the pleadings, the court entered an order in which it declared that the action is a proper one under G.S. 1-253 *et seq.*, but that the agreement is void and unenforceable as a matter of law and plaintiffs are not entitled to specific performance.

*Powe, Porter, Alphin and Whichard, by Charles R. Holton and Eugene F. Dauchert, Jr., for plaintiff appellant.*

*Alexander and McCormick, by Sydenham B. Alexander, Jr., and John G. McCormick, for defendant appellee.*

MORRIS, Chief Judge.

Plaintiffs' one assignment of error is directed to the court's ruling that the agreement is void and unenforceable as a matter of law. Plaintiffs contend that the agreement is not violative of the rule against perpetuities. We agree.

Under the terms of the contract, "Seller agrees to sell and convey, and the Purchaser agrees to purchase all that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Township of Chapel Hill, State of North Carolina, being more particularly described in Schedule A, annexed hereto and being more particularly shown and delineated on the map annexed hereto and made a part hereof." No date was set for the transfer of title. The purchase price was $1,800,000. Fifty thousand dollars of that was to be placed in escrow upon the execution of the contract in an interest bearing account pending performance by the parties of the obligations under the contract. Four hundred thousand dollars was to be paid in cash or by certified check "on closing of title". The remaining $1,350,000 was to be represented by a note bearing interest at the rate of 8% per annum and to mature seven years "after the closing of title." The note was to be secured by a deed of trust conveying the property. The contract was "subject to and conditioned upon the ability of the Purchaser, at Purchaser's own cost and expense:

a) to cause the property which is the subject of this contract to be annexed to the City of Chapel Hill;

b) to cause the property which is the subject of this contract to be rezoned to a zoning use classification or classifications to permit the comprehensive development of the subject property with a blend or mix, acceptable to Purchaser of commercial use; multi-family/condominium use; one family residential use;

c) the obtaining of all state and local agency approvals for such comprehensive development of the property including, but not limited to, state road approvals;

Rodin v. Merritt

d) sufficient and satisfactory evidence of availability and capacity to serve the proposed development of water supply and sewage disposal;

e) the filing of subdivision plats or site plans as may be required by any and all state of [sic] municipal agencies;

f) the issuance of valid and enforceable building permits in such number and for such use as Purchaser may require consistent with the zoning use classification above enumerated.

The closing of title to be had pursuant to this contract shall be had thirty (30) days subsequent to the completion of items a through f enumerated above.

The conditions of this contract shall be deemed to be conditions only and not representations, it being expressly understood that the failure of a condition shall entitle Purchaser to a cancellation of this contract and a refund of the moneys paid hereunder.

The Purchaser may elect to waive any condition set forth in this contract."

The Rule Against Perpetuities is stated as follows: "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Gray, Rule Against Perpetuities § 201, p. 191 (4th ed. 1942). It precludes the creation of any future interest in property which does not necessarily vest within 21 years after a life or lives presently in being, and the period of gestation, where gestation is, in fact, taking place. Where the 21-year period has no reference to lives in being, it has been said to be in gross, and the grant is not too remote if the contingency must happen within 21 years. "If . . . a contract creates an interest in property which equity can enforce, then the rule against perpetuities applies." 61 Am.Jur. 2d *Perpetuities and Restraints on Alienation* § 42, pp. 44-45 (1972); *Starcher Bros. v. Duty*, 61 W. Va. 373, 56 S.E. 524 (1907).

---
**Rodin v. Merritt**
---

If the contract is construed, as we think it must, as postponing the vesting of the title to the land until all conditions are performed, vesting could conceivably be delayed longer than 21 years from the date of the execution of the contract.

The Rule grew up as a limitation on family dispositions of property, and the measuring stick of lives in being plus 21 years is well adapted to disposition of property by will and other family gift transactions. However, it is difficult to perceive that the same reasons for its creation would have any application to today's sophisticated, arms-length commercial real estate transactions. We find it difficult to believe that either lives in being or 21 years have much relevance to business and their affairs, or that this judge made rule should be applied to commercial transactions. *See generally* Leach, Perpetuities: New Absurdity, Judicial and Statutory Correctives, 73 Harv. L. Rev. 1318 (1960) [hereinafter "Leach"]. Note, *Rule Against Perpetuities: Application to a Lease to Commence Upon Completion of Building,* 47 Calif. L. Rev. 197 (1959); Note, *Property: Rule Against Perpetuities: Applicability to Commercial Lease,* 6 U.C.L.A. L. Rev. 165 (1959).

> Rules which bear such birthmarks assume a different aspect when they are applied to contracts or leases in a modern society whose economic structure rests upon planning for the future and whose life blood is credit. Since the rule against perpetuities was born in a society which extolled the tight ownership of inherited real property, it does not facilely operate as to commercial agreements in today's dynamic economy.

*Wong v. DiGrazia,* 35 Cal. Rptr. 241, 247, 386 P. 2d 817, 823 (1963).

We think the facts in some recent cases involving "on completion" leases are similar enough to the facts in the case *sub judice* to merit discussion. Frequently, leases for spaces in shopping centers are executed as early as prior to the beginning of construction of the shopping center. The leases generally provide that the term shall begin either upon completion or within a stated number of days from completion of the premises, and, of course, the term could conceivably be delayed beyond

Rodin v. Merritt

21 years. In order to avoid the application of the Rule, some courts have construed the transaction as one which creates a vested interest with the term and possession to take effect in the future. *E.g., Francis v. Superior Oil Co.*, 102 F. 2d 732 (10th Cir. 1939); *Isen v. Giant Food, Inc.*, 295 F. 2d 136 (D.C.Cir. 1961); *City of Santa Cruz v. MacGregor*, 178 Cal.App. 2d 45, 2 Cal.Rptr. 727 (1960). Some courts have held the contract void as violative of the rule. *Johnson v. Preston*, 226 Ill. 447, 80 N.E. 1001 (1907); *Dallapi v. Campbell*, 45 Cal.App. 2d 541, 114 P. 2d 646 (1941) (oil and gas lease rights reserved in deed); *Haggerty v. City of Oakland*, 161 Cal.App. 2d 407, 326 P. 2d 957 (1958) ("on completion" lease); *Southern Airways Co. v. DeKalb County*, 101 Ga. App. 689, 115 S.E. 2d 207 (1960) (reversed on ground that agreement did not constitute a lease but rather a management contract in *Southern Airways Co. v. DeKalb County*, 216 Ga. 358, 116 S.E. 2d 602 (1960)); *United Virginia Bank Citizens & Marine v. Union Oil Co. of Cal.*, 214 Va. 48, 197 S.E. 2d 174 (1973) (agreement granting defendant option to purchase land, the 120-day option period to begin at the time the City of Newport News, Virginia, acquired certain right of way, held void as being in violation of Rule Against Perpetuities).[1]

We believe the better reasoned result is reached in *Wong v. DiGrazia, supra*. There the parties entered into a 10-year lease to commence upon filing of notice of completion of a building to be constructed. The lessor's obligation to construct was subject to "material and/or labor shortages, strikes, lockouts, governmental actions and all causes beyond control of the lessor," the obtaining of a building permit, and approval of the completed plans and specifications. The agreement required the lessor to begin construction "forthwith" upon approval of the plans and to "continue expeditiously." The Court wrote a very scholarly discussion of the Rule Against Perpetuities and noted:

---

[1]Although still authoritative as precedent, the results and reasoning in *Johnson v. Preston, supra*, and *Haggerty v. City of Oakland, supra*, have been criticized and questioned in subsequent decisions. *See Breault v. Feigenholtz*, 250 F. Supp. 551 (N.D. Ill. 1965); *Singer Co. v. Makad, Inc.*, 213 Kan. 725, 518 P. 2d 493 (1974); *Wong v. Digrazia, supra*.

Rodin v. Merritt

Not only have the courts evolved exceptions to the rule, but the doctrine as to performance within a reasonable time constitutes in itself one such exception. Courts and scholars almost unanimously agree that provisions which make vesting contingent upon performance within a reasonable time, or some equivalent phrase, do not violate the rule "if, in the light of the surrounding circumstances, as a matter of construction 'a reasonable time' is necessarily less than twenty-one years." (3 Simes & Smith, Future Interests (2d ed. 1956) § 1228 at p. 122.) Many courts, in fact, presume that a "reasonable time" is less than the period of the rule. In any event, a reasonable time in the present transaction, in the light of the circumstances, must necessarily be a period far less than 21 years. We cannot accept that portion of *Haggerty v. City of Oakland* which expresses a contrary position and, to that extent, it is disapproved."

35 Cal. Rptr. at 249-50, 386 P. 2d at 825-26. The Court further concluded all rights established by the agreement would arise within the 21-year period and that any breach of the agreement would be remedial within such period. The same result was reached by the Supreme Court of Kansas in *Singer Co. v. Makad, Inc.*, 213 Kan. 725, 518 P. 2d 493 (1974).

In the agreement before us title was to be transferred 30 days after purchaser had completed the items listed; *i.e.*, cause the property to be rezoned and annexed to the city, obtained approval for the desired development from all necessary state and local governmental agencies, satisfied themselves that there was adequate water supply and sewage disposal, filed such subdivision plats as might be required, and obtained building permits. Clearly, all these things would be accomplished prior to the expiration of a 21-year period. In *Isen v. Giant Food, Inc., supra,* the plaintiffs owned contracts to purchase certain unimproved land in Fairfax County, Virginia, contingent on obtaining zoning for commercial purposes. Defendant desired that plaintiffs build a store for its rental on a portion of the land. They entered into an "Agreement to Lease" which provided that within 20 days after the plaintiffs acquired the property the parties would execute a lease identical in terms with the agreement to lease. Although the Court held that the leasehold

interest vested, under Virginia law, upon the execution of the agreement, not at the time the term commenced and the Rule Against Perpetuities was not applicable, the Court did say: "We think, however, that the agreement required that zoning for commercial purposes, if obtained at all, must be obtained within a reasonable time and that such time, in the circumstances of this case, is certainly within the period of perpetuities." 295 F. 2d, at 137-38.

Surely the conditions contained in the contract between the parties here would be accomplished, if at all, within a reasonable time. Just as clearly, it seems to us, a reasonable time would not extend beyond 21 years. It is completely obvious that the parties did not intend the contract to extend beyond a reasonable time. The purchaser was given the right to elect to waive any of the conditions and to call for closing in advance of the time set by giving notice in writing to seller's attorney. This the purchaser has done.

It seems clear that in drafting the contract the parties did not anticipate that the Rule Against Perpetuities would be applied to void the agreement. Had they recognized the possibility, it would have been quite simple merely to add a proviso that in any event closing and transfer of title would occur not later than 21 years from the date of the agreement. The observation of a noted authority in this field is pertinent:

> A very practical consideration is worth noting here: the esoteric learning of the Rule Against Perpetuities is, apart from dim memories from student days, a monopoly of lawyers who deal in trusts and estates. Those members of the bar who specialize in corporate matters including commercial leases, are not intimately familiar with it or alerted to its caprices. The law should not be applied in such a way as to ignore the realities of the legal profession.

*Leach, supra,* at 1322.

We think the result we have reached is a reasonable application of the rule and find support in a principle of law long recognized in this State; *i.e.,* where a contract does not specify

the time of performance or the time of termination, the law will prescribe that performance must be within a reasonable time and that the contract will continue for a reasonable time, "taking into account the purposes the parties intended to accomplish." *Scarborough v. Adams*, 264 N.C. 631, 641, 142 S.E. 2d 608, 615 (1965), and cases there cited; *Lewis v. Allred*, 249 N.C. 486, 490, 106 S.E. 2d 689, 692 (1959) (quoting with approval 49 Am. Jur., *Statute of Frauds*, § 356, p. 667 (1943): "In case of an executory contract of sale, where the time for the execution of the conveyance or transfer is not limited, the law implies that it is to be done within a reasonable time . . . ."); *Metals Corp. v. Weinstein*, 236 N.C. 558, 73 S.E. 2d 472 (1952), and cases there cited; *Atkinson v. Wilkerson*, 10 N.C. App. 643, 179 S.E. 2d 872 (1971); *Hardee's Food Systems, Inc. v. Hicks*, 5 N.C. App. 595, 169 S.E. 2d 70 (1969). *See also Kirkland v. Odum*, 156 Geo. 131, 118 S.E. 706 (1923).

For the reasons stated, the judgment of the trial court is

Reversed.

Judges MARTIN (Harry C.) and HILL concur.