F. BERNARD HELMS v. BARBARA A. PRIKOPA

No. 8026SC501

(Filed 3 March 1981)

Contracts § 16.1– oral loan – time of payment

A loan made on oral terms before the parties agree as to the time and manner of repayment is payable within a reasonable time rather than on demand, and the plaintiff has the burden of showing that a reasonable time for repayment has expired.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 5 March 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 January 1981.

The court entered summary judgment against defendant and ordered her to pay $12,000.00 to plaintiff in repayment of a loan advanced on 15 November 1977.

Plaintiff presented the following evidence in his verified complaint and duly filed affidavits. In November 1977, plaintiff agreed to lend $14,000.00 to defendant to help her purchase some real property. In return, she agreed to execute a promissory note in his favor for that amount and grant him a deed of trust on the realty to secure the note. Their oral agreement also included an understanding that the loan would bear interest and that the necessary papers would be recorded. Thereafter, plaintiff mailed a cashier's check for $14,000.00 directly to defendant's attorney who was responsible for closing the real estate transaction. Plaintiff explained that the subsequent closing, in which defendant did not execute the note and deed of trust, violated the loan agreement:

Helms v. Prikopa

> I was relying on this attorney and the real estate agent who handled the sale of the house to take care of securing the executed note and deed of trust. However, the transaction was closed without my being present and before Miss Prikopa and I reached a firm agreement as to the time and manner in which the loan should be repaid. No note and deed of trust was ever executed in my favor to secure the repayment of the Fourteen Thousand Dollars ($14,000.00).

He then made numerous demands upon defendant to execute the agreed documents to secure repayment of the loan. Finally, on 28 December 1978, he sent defendant a formal written demand for full payment of the balance due on the loan or execution of the documents within ten days. Defendant did not comply with either request. She did, however, make two payments, of $500.00 each, to plaintiff on 28 April and 29 October 1979. The balance due on the loan is now $12,000.00.

In her unverified answer, defendant admitted that plaintiff had lent her the $14,000.00; however, she denied that they had made any agreement requiring the payment of interest or any type of security.

> The terms and conditions surrounding the advancement of the money by the Plaintiff to the Defendant were that no security of any type was required and that no deed of trust nor note nor interest would be required. The money would be advanced to the Defendant by the Plaintiff, allowing the Defendant to pay back the principal without limit as to amount of payment, time of payment and length of payment. That the payment of the principal was solely in the discretion of the Defendant, allowing the Defendant to pay such amounts and at such times as the Defendant was able to do so.

She stated that these oral terms were made while members of her family were present and that a note was never mentioned until March 1978. She requested the court to enter judgment upon the terms and conditions alleged by her for the principal indebtedness.

Defendant further answered that plaintiff requested a key to the house she had purchased and wanted to install a telephone there. She refused. In addition, on 5 April 1978, he sought

sexual favors from her and asked her to go to bed with him. Defendant rebuffed these unsolicited advances as well.

Defendant's only response to plaintiff's motion for summary judgment consisted of an affidavit prepared by Constance Prikopa, her mother. Mrs. Prikopa testified, in pertinent part, as follows:

That on November 16, 1977, at approximately 6:26 P.M. Mr. F. Bernard Helms came to my home in Charlotte, North Carolina at which time Barbara A. Prikopa, my daughter, was present. After Mr. Helms' arrival he took out an envelope and handed the check from the envelope to my daughter, Barbara A. Prikopa, stating that he would like to make a gift of the Fourteen Thousand Dollars ($14,000.00) however, if it were a gift, then Barbara A. Prikopa would have to pay taxes on the gift.

[A]t the time Mr. F. Bernard Helms handed the check to my daughter, Barbara A. Prikopa, in my presence no mention was made of any interest, no mention was made of a Note and no mention was made of a Deed of Trust being required. Mr. Helms stated that making people happy was all the thanks that he wanted and he enjoyed making people happy.

Mrs. Prikopa also said that, after the loan was made, plaintiff assisted defendant in moving to her new residence on 17 December 1977. On this occasion, plaintiff did not mention a note, interest or deed of trust; instead, he said "he would do anything he could to help Barbara pay the loan back."

The court entered an order on 5 March 1980 in which it granted plaintiff's motion for summary judgment and ordered defendant to pay the full amount of the outstanding debt ($12,000.00).

*William H. Helms, for plaintiff appellee.*

*James L. Roberts, for defendant appellant.*

VAUGHN, Judge.

Defendant admitted that she owed plaintiff a balance of $12,000.00 on a loan he had advanced to her. Although the parties disputed the terms of the verbal loan agreement, the

existence of the debt itself and plaintiff's right to repayment were never in issue, and the court, through summary judgment, simply ordered defendant to pay the sum due. Significantly, the court did not require defendant to pay the loan back with interest, a matter of much disagreement between the parties. Viewed in this light, the question raised by defendant's assignment of error to the entry of summary judgment is whether the court erred, as a matter of law, in its order requiring her to make full payment *presently* to plaintiff. Our inquiry must necessarily focus on the crucial disclosure in plaintiff's affidavit that the loan was made *before* the parties reached "a firm agreement as to the time and manner in which [it] should be repaid."

For the sake of clarity, however, we shall first distinguish three other types of cases that arise in the context of money lending. This is not a situation where a contract to lend money is too indefinite to be enforced because it does not specify the time for repayment or the security to be given. *See Elks v. Insurance Co.*, 159 N.C. 619, 75 S.E. 808 (1912). Obviously, since the loan has already been made, the lender cannot be left without a remedy. This is also not a case where money is payable on demand or request, with no particular time stated for payment. In that circumstance, the sum would be due immediately. *See Caldwell v. Rodman*, 50 N.C. 139 (1857). The rule is inapposite here because plaintiff did not allege that he lent the money to defendant upon the condition that she repay it on request. The third, and most common, situation involves a negotiable instrument in which no time is given for its payment. The law is well established that such an instrument would be payable on demand. G.S. 25-3-108. *See Little v. Dunlap*, 44 N.C. 40 (1852) and *Shields v. Prendergast*, 36 N.C. App. 633, 244 S.E. 2d 475 (1978) (promissory notes); *Ervin v. Brooks*, 111 N.C. 358, 16 S.E. 240 (1892), and *Freeland v. Edwards*, 3 N.C. 49 (1798) (bonds). This principle is also inapplicable for the simple reason that defendant did not execute a note for this loan, even though plaintiff said defendant had agreed to do so.

In the instant case, the substantive issue to be resolved is whether a loan made on oral terms, before the parties agree as to its time and manner of repayment, is payable on demand or within a reasonable time. Plaintiff contends that the judge correctly concluded that the balance of the loan was due on

demand. He relies on the general rule that when the contract fixes no time for payment, it is due on demand. 60 Am. Jur. 2d Payment § 6, at 615 (1972). His position is also supported by other authority which provides that a loan or a contract for the payment of money, which is silent concerning the time of payment, is payable immediately. *See generally* 54 C.J.S. Loans, at 658; 58 C.J.S., Money Lent § 3, at 878. We, however, are not persuaded by plaintiff's arguments and believe that the better view, and one which appears to be more consistent with the tenor of our own law, is that money lent pursuant to a verbal agreement, which fails to specify a time for repayment, is payable within a reasonable time. *See* 1 Williston, Contracts § 38, at 115 (3d ed. 1957) ("Money loaned under a contract must be repaid in a reasonable time if no time is fixed."). *Accord, First Nat. Bank v. Eichmeier,* 153 Iowa 154, 133 N.W. 454 (1911); *C.J. Hogan, Inc. v. Atlantic Corp.,* 332 Mass. 322, 124 N.E. 2d 905 (1955) and *McDonald v. Hanahan,* 328 Mass. 539, 105 N.E. 2d 240 (1952) [citing *Page v. Cook,* 164 Mass. 116, 41 N.E. 115 (1895)]; *Hook v. Crary,* 142 N.W. 2d 140 (N.D. 1966); *Foelkner v. Perkins,* 197 Wash. 462, 85 P. 2d 1095 (1938); *Miller v. Nudd,* 149 Wash. 419, 271 P. 80 (1928) and *Merchants Bank of Canada v. Sims,* 122 Wash. 106, 209 P. 1113 (1922).

One case in our jurisdiction which raised, although peripherally, a comparable issue is *Wade v. Lutterloh,* 196 N.C. 116, 121, 144 S.E. 694, 696 (1928). In *Wade,* the Court apparently assumed that a $27,500.00 note, to be executed pursuant to a contract (for the purchase of capital stock) which failed to specify a time for payment of the note, would be payable within a reasonable time. The Court cited the case of *Colt v. Kimball,* 190 N.C. 169, 129 S.E. 406 (1925), which held that a reasonable time for the delivery of goods would be implied as a matter of law since the contract did not provide a definite time for it.

In this regard, the analogous case of *Commercial Security Bank v. Hodson,* 15 Utah 2d 388, 393 P. 2d 482 (1964), is also instructive. In *Hodson,* the bank sued the borrowers to collect $32,000.00 on a promissory note, and the borrowers brought a counterclaim against the bank for breach of a contract to lend $300,000.00. To prevail on their claim for damages, the borrowers had to show the existence of a binding enforceable contract, *i.e.,* one which was complete in its essential terms. Their evidence tended to show that the bank had informed them their

loan had been approved and that they then signed a blank note and were permitted to draw amounts up to $32,000.00 against the loan before the bank later cancelled. The lower court entered a directed verdict in the bank's favor since there was no dispute as to the amount of money the borrowers owed. The Utah Supreme Court, however, reversed and held that the evidence was sufficient to go to the jury on the breach of a contract to lend because "[t]he fact that no exact time was fixed for the termination of this loan ... does not render the contract void for uncertainty, but under such conditions reasonable provisions are inferable." 15 Utah 2d at 391-92, 393 P. 2d at 485 [citing *Merchants Bank of Canada v. Sims*, 122 Wash. 106, 209 P. 1113 (1922)].

We note that the inference of reasonable provisions to supply a missing term in the parties' agreement is endorsed by the Restatement (Second) of Contracts which provides:

§ 230. Supplying an Omitted Essential Term

> When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court.

It would hardly seem reasonable, in the context of a verbal loan, where the parties have not reached an agreement as to the length of the credit period, to infer a term whereby large sums of cash are repayable upon demand as a matter of law.

We believe that *Wade v. Lutterloh* and *Colt v. Kimball, supra,* reflect a general tendency to infer the standard of a reasonable time for the evaluation of contractual compliance whenever the parties leave the time of payment or performance in doubt. *See also* 1 Corbin, Contracts § 96 (1963).[1] It is manifest that this standard should also apply to the loan in question when the case is analyzed according to its bare essentials.

---

1. The case of *Biddle v. Girard*, 11 Ariz. App. 143, 462 P. 2d 836 (1969), includes a citation to *Corbin, supra,* for the proposition that in straight loan situations, where no time is given, the money should be repaid within a reasonable time. We would comment that the noted author seems to favor the implication of the reasonable time standard in most situations.

Plaintiff performed his promise to lend money to defendant by giving her the agreed sum. Defendant accepted the money which imposed upon her a duty to repay it. The parties, however, failed to designate a time frame for defendant's performance of her obligation to pay the money back. In such circumstances, the principle has long been established in North Carolina that "when no time is specified in a contract for the performance of an act or the doing of a thing, the law implies that it may be done or performed within a reasonable time." *Winders v. Hill,* 141 N.C. 694, 704, 54 S.E. 440, 444 (1906). *See Metals Corp. v. Weinstein,* 236 N.C. 558, 561, 73 S.E. 2d 472, 474 (1952); *Graves v. O'Connor,* 199 N.C. 231, 235, 154 S.E. 37, 39 (1930); *Michael v. Foil,* 100 N.C. 178, 191, 6 S.E. 264, 270 (1888). *Accord,* 17 Am. Jur. 2d Contracts § 329 (1964).

Our Court recently affirmed the rule, that contractual performance must be within a reasonable time when none is stated, in *Rodin v. Merritt,* 48 N.C. App. 64, 268 S.E. 2d 539 (1980). In *Rodin,* the Court further held that the determination of what constitutes a reasonable time for performance required "taking into account the purposes the parties intended to accomplish." *Id.* at 72, 268 S.E. 2d at 544. Such a determination involves a mixed question of law and fact, "[a]nd, in this State, authority is to the effect that, where this question of reasonable time is a debatable one, it must be referred to the jury for decision." *Holden v. Royall,* 169 N.C. 676, 678, 86 S.E. 583, 584 (1915); *Claus v. Lee,* 140 N.C. 552, 53 S.E. 433 (1906); *Blalock v. Clark,* 137 N.C. 140, 49 S.E. 88 (1904).

Here, plaintiff made a loan to defendant to enable her to purchase a home. Real estate loans often involve substantial sums of money which are normally paid off in monthly installments over a period of years. Plaintiff accepted two "installments" of $500.00 each from defendant. This at least suggests that repayment of the loan was being rendered in a manner consistent with the parties' contractual intent. Thirteen months after the advancement, however, plaintiff formally demanded full payment at once. We hold that, at this point in the proceedings, the question of what was a reasonable time and manner for repayment was sufficiently "debatable" to survive plaintiff's motion for summary judgment. *See Holden v. Royall, supra.*

In conclusion, we summarize our reasons for reversing the entry of summary judgment: (1) a loan is repayable within a reasonable time if no time is fixed by the parties; (2) plaintiff had the burden of showing the maturity of the loan (58 C.J.S. Money Lent § 7, at 881), *i.e.*, that a reasonable time for repayment had expired; and (3) what constitutes a "reasonable time" is a material issue of fact to be answered by the jury after due consideration of all the attendant facts and circumstances of the transaction. The judge's order entering summary judgment in plaintiff's favor is, therefore, reversed.

Reversed and Remanded.

Chief Judge MORRIS and Judge BECTON concur.