JOHN THOMAS RAWLS, III v. SADRON CLYDE LAMPERT

No. 811SC1157

(Filed 20 July 1982)

**Contracts § 16.1— oral loan—time for repayment—summary judgment for defendant improper**

In an action in which plaintiff alleged he loaned defendant $5,000 pursuant to a verbal agreement in 1971 and another $5,000 pursuant to a verbal agreement in 1973; that it was understood that the loans would be repaid within a reasonable time; and that demand was made in 1981 and defendant failed to repay the loan, the trial judge erred in dismissing plaintiff's complaint as being barred by the statute of limitations since the statute of limitations does not begin to run until the contract is breached and it was a jury question to determine what constituted a reasonable time for repayment of the loans, so as to begin the running of the statute of limitations, based upon the attendant facts and circumstances.

APPEAL by plaintiff from *Small, Judge.* Judgment entered 11 September 1981 in Superior Court, DARE County. Heard in the Court of Appeals 10 June 1982.

Plaintiff filed complaint on 23 July 1981 alleging that on 5 August 1971 he loaned the defendant, his half-brother, $5,000 pursuant to a verbal agreement; that on 6 April 1973 he loaned the defendant a second $5,000 pursuant to a verbal agreement; that no time or terms were fixed for repayment of the loans but it was

understood that they would be repaid within a reasonable time; and that demand was made in early July 1981 and the defendant failed to repay the loans. Plaintiff sought to recover $10,000 plus interest. Defendant moved to dismiss the complaint for failure to state a claim. More specifically, defendant alleged that recovery on the loans was barred by the statute of limitations. A hearing was held and the motion to dismiss was allowed. Plaintiff appeals.

*Shearin, Gaw & Archbell, by Roy A. Archbell, Jr., for plaintiff appellant.*

*Kellogg, White, Evans, Sharp and Michael, by Steven D. Michael, and Henderson & Shuford, by Robert E. Henderson, for defendant appellee.*

ARNOLD, Judge.

In *Snyder v. Freeman*, 300 N.C. 204, 266 S.E. 2d 593 (1980), we find the following statement of the standard applicable to a dismissal pursuant to G.S. 1A-1, Rule 12(b)(6):

> " 'A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or a fact sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" *Sutton v. Duke*, 277 N.C. 94, 102-03, 176 S.E. 2d 161, 166 (1970), *quoting* Moore, Federal Practice, § 12.08 (1968). (Emphasis original.)

*Id.* at 208-09, 266 S.E. 2d at 597. In ruling on such a motion, the allegations of the complaint must be viewed as admitted. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979).

In general, the statute of limitations for a breach of contract is three years. G.S. 1-52(1); *Reidsville v. Burton*, 269 N.C. 206, 152 S.E. 2d 147 (1967). However, the statute of limitations does not begin to run until the contract is breached. *Reidsville v. Burton; Silver v. Board of Transportation*, 47 N.C. App. 261, 267 S.E. 2d 49 (1980). Thus, in the present case the statute of limitations did

not begin to run until a reasonable time for repayment had passed. This Court recently had occasion to address the issue of what constitutes a reasonable time for repayment of a loan.

In *Helms v. Prikopa*, 51 N.C. App. 50, 275 S.E. 2d 516 (1981), we dealt with a loan of $14,000 pursuant to an oral agreement fixing no time or manner of repayment. The plaintiff demanded full payment of the loan 13 months after advancement, and the trial court allowed summary judgment in favor of the plaintiff. We held that the loan was repayable within a reasonable time and that summary judgment had been improperly entered. We wrote as follows:

> Our Court recently affirmed the rule, that contractual performance  must be within a reasonable time when none is stated, in *Rodin v. Merritt*, 48 N.C. App. 64, 268 S.E. 2d 539 (1980). In *Rodin*, the Court further held that the determination of what constitutes a reasonable time for performance required "taking into account the purposes the parties intended to accomplish." *Id.* at 72, 268 S.E. 2d at 544. Such a determination involves a mixed question of law and fact, "[a]nd, in this State, authority is to the effect that, where this question of reasonable time is a debatable one, it must be referred to the jury for decision." *Holden v. Royall*, 169 N.C. 676, 678, 86 S.E. 583, 584 (1915); *Claus v. Lee*, 140 N.C. 552, 53 S.E. 433 (1906); *Blalock v. Clark*, 137 N.C. 140, 49 S.E. 88 (1904).
>
> . . . .
>
> In conclusion, we summarize our reasons for reversing the entry of summary judgment: . . . (3) what constitutes a "reasonable time" is a material issue of fact to be answered by the jury after due consideration of all the attendant facts and circumstances of the transaction.

*Id.* at 56-57, 275 S.E. 2d at 519-20.

In the present case it was for the jury to determine what constituted a reasonable time for repayment of the loans, so as to begin the running of the statute of limitations, based upon the attendant facts and circumstances. No "want of merit" appears on the face of the complaint, and the trial judge erred in ruling that the complaint fails to state a claim for relief.

Reversed and remanded.

Judges HEDRICK and WELLS concur.