PHILLIPS & JORDAN INVESTMENT CORPORATION v. ASHBLUE COM-
PANY

No. 8630SC1144

(Filed 16 June 1987)

1. Limitation of Actions § 4.3— action to collect advances—oral agreement with
   no stated time for repayment—reasonable time a jury question

In an action to collect advances made to defendant by Piney Mountain
Properties, Inc., the trial court did not err by denying defendant's motions to
dismiss and for judgment n.o.v. where the loan agreement did not specify a
time for repayment. Money lent pursuant to a verbal agreement which does
not specify a time for repayment is payable within a reasonable time, and the
determination of what constitutes a reasonable time is a material issue of fact
to be answered by the jury.

2. Contracts § 16.1; Limitation of Actions § 4.3— action to collect advances—no
   time for repayment specified—instructions on limitation of actions

There was no prejudicial error in an action to collect advances made pur-
suant to an oral agreement which did not specify a time for repayment where
the court instructed the jury that plaintiff had the burden of satisfying the
jury that the time period between the making of the loan and the filing of the
lawsuit was a reasonable length of time. Assuming that the court erred by not
instructing the jury on the three-year statute of limitations, the error
benefited defendant since plaintiff had a reasonable time plus three years in
which to bring the action.

3. Evidence § 15.2— motion to collect advances by corporation—appraisal of the
   corporation's property excluded—no error

In an action to collect advances made by Piney Mountain Properties, Inc.
to defendant, the trial court did not err by refusing to admit an appraisal of
property owned by Piney Mountain because the appraisal was of questionable
relevance and because defendant's witness offered an expert opinion as to the
value of Piney Mountain's land.

4. Evidence § 33— conversation with deceased person — excluded—procedure—no
   prejudicial error

There was no prejudicial error in an action to collect advances made to
defendant by Piney Mountain Properties from the trial court's failure to make
findings on all six parts of the inquiry set out in *State v. Smith*, 315 N.C. 76,
before excluding testimony regarding a conversation with the deceased con-
troller of defendant and Piney Mountain. The trial court essentially deter-
mined that the proffered testimony did not meet the requirements of step (5)
of the inquiry; common sense dictates that if proffered evidence fails to meet
the requirements of one of the inquiry steps, the trial judge's findings concern-
ing the preceding steps are unnecessary.

Phillips & Jordan Investment Corp. v. Ashblue Co.

APPEAL by defendant from *Allen (C. Walter), Judge*. Judgment entered 31 May 1986 in Superior Court, GRAHAM County. Heard in the Court of Appeals 5 May 1987.

Defendant owned fifty percent (50%) of the stock of Piney Mountain Properties, Inc. (Piney Mountain). The remaining Piney Mountain stock was owned either by plaintiff or by Ted Phillips and Ted Jordan in their individual capacities.

Between 10 December 1975 and 14 June 1978, Piney Mountain made monetary "advances" to plaintiff and defendant. Defendant received advances totalling $70,650.00. In 1977, defendant repaid $1,500.00 to Piney Mountain which left the net amount of its advances at $69,150.00. The advances totalling $69,150.00 were carried on the Piney Mountain corporate books as receivables.

On 22 February 1980, plaintiff purchased all of defendant's Piney Mountain stock. Subsequently, Piney Mountain was merged into plaintiff, and plaintiff acquired all debts due Piney Mountain. The Piney Mountain corporate books indicated that the advances had not been written off prior to the acquisition.

On 4 May 1984, plaintiff commenced this action to collect the advances previously made by Piney Mountain to defendant. Defendant moved for summary judgment alleging that the statute of limitations barred plaintiff's action. Defendant's motion was denied. The case was tried before Judge Allen sitting with a jury. The jury returned a verdict for plaintiff finding 1) that Piney Mountain made a loan to defendant, 2) that plaintiff began the lawsuit for the recovery of the loan within a reasonable length of time, and 3) that plaintiff was entitled to recover $69,150.00 from defendant. From judgment entered on the verdict, defendant appeals.

*Adams, Hendon, Carson, Crow & Saenger, by George Ward Hendon, for defendant appellant.*

*McKeever, Edwards, Davis & Hays, by Fred H. Moody, Jr., for plaintiff appellee.*

ARNOLD, Judge.

[1] Defendant contends that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the

verdict because the statute of limitations barred plaintiff's claim as a matter of law. We disagree.

In general, the statute of limitations for a breach of contract is three years. G.S. 1-52. However, money lent pursuant to a verbal agreement, which fails to specify a time for repayment, is payable within a reasonable time. *Helms v. Prikopa*, 51 N.C. App. 50, 275 S.E. 2d 516 (1981). The statute of limitations does not begin to run until a reasonable time for repayment has passed. *Rawls v. Lampert*, 58 N.C. App. 399, 293 S.E. 2d 620 (1982). The determination of what constitutes a reasonable time is a material issue of fact to be answered by the jury. *Id.*

Evidence at trial showed that defendant received advances totalling $70,650.00 and that the advances were carried on the corporate books as receivables. The advances had not been written off prior to the acquisition and the jury determined that Piney Mountain did in fact make a loan to defendant. Since the loan agreement did not specify a time for repayment, the trial judge left to the jury the determination of whether plaintiff began the lawsuit within a reasonable length of time. We hold that the trial court did not err in denying defendant's motions.

[2]   Defendant also contends that the trial court erred in its instructions to the jury regarding the statute of limitations.

As stated earlier, the statute of limitations for contract actions is three years. In cases such as the present, where money is lent pursuant to an oral agreement which fails to specify a time for repayment, the repayment is due within a reasonable time. A party must bring an action to recover the repayment within three years after the reasonable time period has passed. In essence, a party has a reasonable time period plus three years in which to bring the action before it is barred by the statute of limitations.

The trial court instructed the jury that plaintiff had the burden of satisfying the jury that the time period between the making of the loan and the filing of the lawsuit was a reasonable length of time. However, defendant contends that the trial court erred in failing to mention the three-year statute of limitations on contract actions. In effect, defendant argues that the trial court failed to instruct the jury that the action must have been com-

menced within three years following the lapse of a reasonable time for repayment of the loan.

Assuming *arguendo* that it was error for the court not to instruct the jury on the three-year limitations period, the error benefited defendant since it shortened by three years the time plaintiff had for filing the action. *Cf. State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971). Thus, defendant was in no way prejudiced by the trial court's failure to instruct on the three-year limitations period.

[3] Defendant next contends that the trial court erred in refusing to admit an appraisal report into evidence. We do not agree.

The report valued real property owned by Piney Mountain in 1979 and was written by Jack Ochsenreiter, who died prior to the trial in this case. Defendant's witness Baxter Taylor offered an expert opinion as to the value of Piney Mountain's land in 1979. Defendant asserts that Taylor's opinion was based in part on the appraisal report and that the report should have been admitted into evidence.

The appraisal report was of questionable relevance to the issue of whether plaintiff made a loan to defendant. Even assuming *arguendo* that the report was somehow relevant, its exclusion did not prejudice defendant since Taylor was able to offer an opinion on the value of Piney Mountain's land in 1979.

[4] Defendant also contends that "the trial court erred in refusing to admit into evidence defendant's witness Taylor's testimony of his conversation with a deceased person, under Evidence Rule 804."

Defendant offered Taylor's testimony concerning a conversation Taylor had with Harry Browning, now deceased, who had been the controller of both defendant and Piney Mountain. Defendant argues that the trial court erred in refusing to admit the testimony without making findings of fact consistent with Evidence Rule 804(b)(5).

Before hearsay testimony can be admitted under Rule 804 (b)(5), the trial judge must first find that the declarant is unavailable and then engage in a six-part inquiry set out in *State v. Smith*, 315 N.C. 76, 337 S.E. 2d 833 (1985). *State v. Triplett*, 316

N.C. 1, 340 S.E. 2d 736 (1986). The trial judge must engage in this inquiry prior to admitting or denying proffered hearsay evidence pursuant to the "residual" hearsay exceptions. *Smith*, 315 N.C. at 76, 337 S.E. 2d at 833. Defendant asserts that the trial court committed prejudicial error because it failed to conduct the six-part inquiry. We are not persuaded by defendant's argument.

The six-part inquiry is as follows:

(1) Has proper notice been given?

(2) Is the hearsay not specifically covered elsewhere?

(3) Is the statement trustworthy?

(4) Is the statement material?

(5) Is the statement more probative on the issue than any other evidence which the proponent can procure through reasonable efforts?

(6) Will the interests of justice be best served by admission?

*Smith*, 315 N.C. at 92-96, 337 S.E. 2d at 844-46.

In response to defendant's request that the court make the six-part inquiry, Judge Allen replied that he could do that quickly because the proffered testimony related to the corporate records which would be the best evidence of "all these things." Thus, the trial court essentially determined that the proffered testimony did not meet the requirements of step (5) of the inquiry.

In *Smith*, our Supreme Court set out the purpose of the inquiry as follows:

By setting out in the record his analysis of the admissibility of hearsay testimony pursuant to the requirements of [the inquiry], the trial judge will necessarily undertake the serious consideration and careful determination contemplated by the drafters of the Evidence Code. This thoughtful analysis will greatly aid in assuring that only necessary, probative, material, and trustworthy hearsay evidence will be admitted under this residual exception and will provide a sound framework for meaningful appellate review.

*Id.* at 96-97, 337 S.E. 2d at 847.

The six-part inquiry is very useful when an appellate court reviews the admission of hearsay under Rule 804(b)(5) or 803(24). However, its utility is diminished when an appellate court reviews the exclusion of hearsay. Common sense dictates that if proffered evidence fails to meet the requirements of one of the inquiry steps, the trial judge's findings concerning the preceding steps are unnecessary.

Although we are compelled to hold that the trial court erred by not making specific findings for each step in the six-part inquiry, the error did not prejudice defendant because the evidence would still have been excluded.

We have reviewed defendant's remaining assignments of error and find them to be without merit. Accordingly, we find

No error.

Judges WELLS and ORR concur.