RIVERVIEW PROPERTY OWNERS ASSOCIATION, INC. AND CHARLES WIL-
SON, RALPH FRAME, ROSE MARY WHALEY, LEON FERGUSON, JACK
HOLMES AND WILLARD RITTER, INDIVIDUALLY v. JACK WELDON
HEWETT, DANLEY MARK HOOKER, JOAN MOONEY HEWETT, LORA
FAYE MOONEY CLEMMONS, DONNA DEAN, STEVEN DEAN, MARION
WOODYARD, JANICE POWELL, BILLY JO HEWETT, RICKY CLEM-
MONS, R. A. CLEMMONS, RACHEL HEWETT, HANK WILLIAMS,
ROYCE WOODYARD, MORRIS MOONEY, PAM MOONEY, TOM WIL-
LIAMS, JACK POWELL, STEPHANIE KELLY GREER, JOYCE TALBERT,
MERLE MOONEY AND SNOOKY WHALEY

No. 8713DC813

(Filed 19 July 1988)

Deeds § 20— restrictive covenant in subdivision—lot used for access to another lot
—covenant not violated

Defendants' use of a little, cleared pathway across one defendant's sub-
division lot to get to the other defendant's lot which was outside the subdivi-
sion did not amount to a violation of restrictive covenants limiting use of
subdivision lots to "single family residential or recreational purposes," since
the pathway led only to the second defendant's riverfront lot, and that lot was
used by defendants occasionally for fishing, roasting oysters, and otherwise
having a good time.

APPEAL by plaintiffs from *Hooks, Judge.* Judgment entered
29 May 1987, *nunc pro tunc* 19 May 1987, in District Court,
BRUNSWICK County. Heard in the Court of Appeals 2 February
1988.

The only defendants involved in this appeal are Danley Mark
Hooker, who owns Lot 49 in a Brunswick County subdivision
known as Riverview, and Jack Weldon Hewett, who owns Lot 2 in
the subdivision and a tract outside the development that lies be-
tween Hooker's Lot 49 and the Shallotte River. The two appellees
occasionally go to Hewett's riverside tract, which has a mobile
home on it, to fish, roast oysters and otherwise enjoy themselves;
and in getting there they travel across Hooker's lot by a little,
cleared pathway that leads only to Hewett's property, which is
used only for recreational and social purposes. Plaintiffs, who
either own Riverview lots or represent persons who do, seek to
enjoin the appellees from using Hooker's lot in getting to
Hewett's place on the ground that their use violates covenants
which limit the use of Riverview lots to "single family residential
or recreational purposes" and which prohibit "noxious or offen-

sive activity" on any lot or anything "which may be or become a nuisance or any annoyance to the neighboring lot owners." Following a hearing on plaintiffs' motion for summary judgment at which affidavits and other materials were considered the court found facts in substance as above stated, concluded that the described use of Hooker's lot does not violate the Riverview restrictions, and dismissed plaintiffs' complaint against Hooker by summary judgment and the complaint against Hewett on the pleadings, which we treat as a summary judgment also since materials other than pleadings were considered.

*Anderson & McLamb, by Sheila K. McLamb and Mason H. Anderson, for plaintiff appellants.*

*Martin, Wessell & Raney, by John C. Wessell, III, for defendant appellees Jack Weldon Hewett and Danley Mark Hooker.*

PHILLIPS, Judge.

Plaintiffs made and brought forward eleven assignments of error, not one of which states "the basis upon which error is assigned," as Rule 10(c) of our appellate rules requires. These are broadside assignments that for the reasons stated in innumerable decisions of our Courts, including *Columbus County v. Thompson*, 249 N.C. 607, 107 S.E. 2d 302 (1959), and *Pamlico Properties IV v. SEG Anstalt Co.*, 89 N.C. App. 323, 365 S.E. 2d 686 (1988), do not call into question any of the court's specific findings and conclusions that plaintiffs argue in their brief.

Nevertheless, we have considered plaintiffs' several arguments and reject them. The following principles of law apply: Restrictive covenants, being in derogation of the unfettered use of land, must be "strictly construed against limitations" on the use of property, *Long v. Branham*, 271 N.C. 264, 268, 156 S.E. 2d 235, 238-39 (1967); ordinarily the opening or maintenance of a street or a right-of-way "for the better enjoyment of residential property as such does not violate a covenant restricting the property to residential purposes," *Callaham v. Arenson*, 239 N.C. 619, 625, 80 S.E. 2d 619, 624 (1954); whether traveling over a lot restricted to residential purposes in getting to adjacent property violates the restriction depends upon the circumstances involved. *Franzle v. Waters*, 18 N.C. App. 371, 376, 197 S.E. 2d 15, 18 (1973). Under the facts of this case the appellees' use of Hooker's Lot 49 to get to

Hewett's place on the river is no violation of the Riverview Subdivision restrictive covenants and the court was not required to permanently enjoin the practice, as the appellants contend. When our Courts have held that using a lot as a right-of-way violated the covenant restricting its use to residential purposes, they did so upon facts quite different from those recorded here. For example, in *Long v. Branham, supra* and in *Franzle v. Waters, supra,* the defendants were undertaking to open and maintain a street across their lots to an adjoining subdivision, which would have greatly increased traffic into the development; and in *Starmount Company v. Greensboro Memorial Park, Inc.,* 233 N.C. 613, 65 S.E. 2d 134 (1951), the defendant was undertaking to construct and maintain a road across his lot to a commercially operated cemetery, which would have also increased traffic and attracted many strangers to the subdivision. In this case no street for general use has been constructed or attempted; no commercial activity or traffic by outsiders is involved; the appellee lot owners are merely traveling across the lot to a non-commercial, private, riverside recreational retreat that one of them owns.

Affirmed.

Judges ARNOLD and COZORT concur.