ESTATE OF Arthur W. STELLWAG, II, Mary E. George, Respondent–Appellant,

v.

Ollie KENNEDY, Appellant–Respondent.

No. WD 42784.

Missouri Court of Appeals, Western District.

Dec. 11, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 1991.

Application for Transfer Sustained March 5, 1991.

Case Retransferred Oct. 16, 1991.

Court of Appeals Opinion Readopted Oct. 23, 1991.

James W. Farley, Platte City, for appellant-respondent.

Don Witt, Witt and Hicklin, Platte City, for respondent-appellant.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Mary Ellen George is the independent personal representative of the estate of Arthur Stellwag, II. George filed her statement of account and schedule of proposed distribution. Ollie Kennedy, the guardian and conservator of the minor devisees under the will of Stellwag, filed her objections. After a hearing, the court disallowed some expenses and allowed others. Both Kennedy and George appeal. Affirmed in part and reversed and remanded in part.

Arthur Stellwag died on February 17, 1988. His will was executed while Stellwag was a resident of North Carolina, but at the time of his death Stellwag was a resident of Platte County, Missouri. The will appointed Mary Ellen George, Stellwag's sister, as the personal representative. On February 22, 1988, the court appointed George as the independent personal representative. George did not retain a Missouri lawyer but requested her cousin, Shirley Burgoyne, an attorney in Michigan, to represent her in the estate proceedings.[1]

The largest item in the statement of account to which Kennedy objected was the payment to Stellwag's parents of $12,108.59 for money they claimed was due from loans made to Stellwag. The court found that $11,195.97 should not have been paid because that amount was barred by the Statute of Limitations. George appeals from that order.

The will specifically devised a 1987 Trans Am automobile to Linda Martha, one of Stellwag's daughters who was 15 at the time of Stellwag's death. The will directed that the devise to any child who was under the age of 21 at the time of Stellwag's death was to be held in trust for that child and named George as the trustee. The automobile was valued in the inventory at $13,000 but Stellwag had placed a lien on the automobile prior to the execution of his will. The amount of the lien was $17,106.12 and George paid that amount from estate funds. The will specifically devised real estate in Colorado to another daughter, Stacey Irene, who was 13 at the time of Stellwag's death. The land was subject to a lien which had been placed thereon by Stellwag prior to the execution of his will. George paid the balance of said lien in the amount of $2,571.96 and the court allowed George credit for that expenditure. George did not seek court advice or consent for the payment of either lien.

George stored the automobile and other items of personal property in a storage facility in Missouri and paid $80 per month rental on such storage. Kennedy objected to that expense but the court approved.

Kennedy also objected to the allowance to George of any compensation because of her failure to discharge her fiduciary duty to the estate in improperly paying the parents' claim and in hiring a Michigan attorney and in storing unproductive property. The court overruled such objection and allowed George a fee of $2,500 plus travel expenses and miscellaneous expenses in the approximate amount of $1,200.

The court allowed the personal representative credit for the payment of $3,543.84 to Donald Witt for representing George in the hearing on the objections filed by Kennedy and allowed George credit for $236 for an airline ticket which she purchased to return to Missouri for a hearing on the objections, but which she could not use because the hearing was continued. Kennedy appeals from the order overruling her objection to all of these items.

1. Kennedy objected to allowing George credit for a $2,500 fee and expenses of $323 paid to Burgoyne. The court disallowed those payments and charged such sums back to George. No appeal has been taken from that ruling.

## APPEAL OF MARY GEORGE

■ The parents of Arthur Stellwag filed a claim in which they alleged that Stellwag was indebted to them in the amount of $12,108.59. Evidence adduced on the claim revealed that the parents had paid various bills on behalf of Stellwag between 1978 and October, 1984. The court applied the North Carolina Statute of Limitations of three years and held that any amount paid prior to three years before the filing of the claim was barred. The evidence revealed that practically all of the money paid by the parents went to third parties on behalf of Stellwag.

The parties agree that the law of North Carolina applies because the transactions between Stellwag and his parents occurred in North Carolina while he was a resident of that state. George relies on *Phillips and Jordan Investment Corp. v. Ashblue Co.*, 86 N.C.App. 186, 357 S.E.2d 1 (1987), in which it was held that the three year statute of limitations does not begin to run when no time for repayment is specified, until a reasonable time after money is loaned because the debtor has a reasonable time in which to make repayment. George contends that a reasonable time for Stellwag to make repayment had not passed by the time of his death because Stellwag was unable to make repayment. In short, George argues that a reasonable time does not begin to run until the debtor has the ability to make the repayment. *Phillips and Jordan* does not hold that an ability to repay must be shown before a reasonable time can begin. It is evident that such could not be the rule because in some cases a person would never be able to repay with the result that a reasonable time would never begin to run.

Kennedy contends that since the claim is based on payments made by the parents to third parties on behalf of Stellwag the general rule stated in 54 C.J.S. Limitations of Actions § 158 pgs. 204–205 (1987) should apply. That rule states that when payment is made to a third person at the request of another the statute of limitations runs from the time of payment. No North Car-

olina case has been cited or located bearing on this question but the rule stated in C.J.S. appears to be the general rule and will be applied in the absence of North Carolina authority to the contrary.

The court could have found that the statute of limitations began at the time payment to the third party was made and that such payments which were made more than three years prior to the filing of the claim were barred. By § 516.180, RSMo 1986,[2] the North Carolina Statute of Limitations will be applied in this state. The court correctly held that George could not take credit for $11,195.97 of the total paid to the parents.

## APPEAL OF OLLIE KENNEDY

■ Kennedy has appealed from the action of the court in allowing George to take credit for $17,106.12 paid to satisfy the lien on the Trans Am and the sum of $2,571.96 paid to satisfy the lien on the Colorado land. Kennedy contends that because these liens were placed before Stellwag executed his will that George should not have paid such liens. Kennedy cites North Carolina Gen.Stat. 28A–15–3 which provides that a devisee takes property subject to encumbrances and without a right to have other assets of the decedent applied to discharge the secured obligation, unless an express provision of the will confers such right of exoneration. The statute further provides that a general testamentary direction to pay the debts of the decedent is not sufficient to confer such right. George argues that § 474.060 permits the payment of encumbrances before transfer to the devisee if the will provides by implication that such be paid. She then argues that from the will an intent can be found on the part of Stellwag that the two liens should be paid prior to distribution. However, "[i]t is well established in Missouri that the construction of a will for the purpose of ascertaining the testator's intent is covered by the law of the testator's domicile when the will was executed...." *Estate of Pettit v. Levine*, 657 S.W.2d 636, 643[12] (Mo. App.1983). In *St. Louis Union Trust Co.*

2. All sectional references are to RSMo 1986,    unless otherwise indicated.

*v. Hill,* 76 S.W.2d 685, 688[6] (Mo. banc 1934), the court stated " '[t]he testator is presumed to have known the law governing wills, and is presumed to have prepared his will in the light of that law," quoting from *Trautz v. Lemp,* 46 S.W.2d 135 (Mo. banc 1932). Thus, Stellwag is presumed to have known the North Carolina law at the time he executed his will to the effect that property subject to an encumbrance was required to be distributed with the encumbrances unpaid and his intent in preparing the will must be discerned under North Carolina law and not under Missouri law. Under these circumstances it is clear that an intent by implication cannot be found under Missouri law. The personal representative should not have paid the encumbrances but should have distributed the property to the trust subject to the encumbrances. In allowing credit the court misapplied the law.

■ Kennedy also contends that George should not be allowed to take credit for $80 per month which was paid for storage for the automobile and other property devised to the three children. George contends that she was simply holding the automobile and the other property for the children until they reached the age of 21 so that the property would be available to distribute to them. However, as shown above, the payment of the encumbrances was improper. As an independent personal representative, George should have presented the question of storage of the property to the court under § 473.787.2 before George incurred storage expenses. In that way the question of storage and distribution to the trust and all questions surrounding those issues could have been presented and resolved prior to George exercising her power as an independent personal representative to expend estate funds to store property which was to be distributed to a trust. This is especially true in view of the fact that the children ranged in age from 11 to 15 at the time of Stellwag's death and it would obviously be several years before the property could be distributed under the terms of the will. The court should not have allowed the storage expense and misapplied the law in doing so.

■ Kennedy next contends that the court should not have allowed George a fee for acting as personal representative because of her failure to follow the law in the performance of her duties. George is a resident of Arizona and enlisted the aid of her cousin, Shirley Burgoyne, who was an attorney in Michigan, to act as her attorney in this state. Burgoyne came to Platte City and looked at some of the Missouri probate law statutes and assisted George in preparing an application to be appointed as the personal representative. She was the only attorney George retained until Witt was hired. George testified that she enlisted the aid of Burgoyne in an effort to save the estate money. While the desire to save the estate money was a laudable purpose, this attempt to practice frugality by saving money on attorney fees proved to be extremely costly. The payment of the encumbrances which should not have been paid, the payment of storage charges without court guidance, and the payment to Burgoyne of a fee of $2,823 which the court found to be improper, all demonstrate the lack of a reasonable handling of the estate by George. Section 473.810 imposes upon the independent personal representative a duty to act reasonably and § 473.-787.3 states that the independent personal representative owes a fiduciary duty to those interested in an estate. Section 473.-787.3 requires the independent personal representative to secure the advice and service of an attorney. George failed to carry out these duties and by failing to retain the service of a Missouri attorney has caused this estate to be subject to litigation and delay. All of this shows that George did not act reasonably and failed to discharge her fiduciary duty in handling this estate.

Section 473.840.4 provides that when objections to the statement of an account filed by the independent personal representative are made the court shall conduct a hearing and thereafter order proper distribution. Although there is no specific statute which provides the court may refuse to allow an independent personal representative a fee, § 473.840.4 provides the framework within which this may be done.

When it appears that the personal representative has not discharged the fiduciary duty nor acted reasonably for the benefit of the interested persons in an estate, the court may order distribution without allowing the independent personal representative a fee. This court has a firm belief that the finding of the trial court that George should receive compensation for her service is against the weight of the evidence.

■ Kennedy contends the court should have disallowed the fee of $3,543.84 which George paid to Donald Witt as attorney fees and the sum of $235 which George paid for an airline ticket to travel from Arizona to Platte City for a hearing but which George was unable to use because the hearing was continued.

On November 14, 1988, George filed her statement of account and schedule of proposed distribution. Kennedy timely filed objections. George retained Witt and Witt began billing for his time on April 13, 1989. The first hearing on Kennedy's objections was held on April 17, 1989, and the second hearing was held on September 15, 1989. The only services rendered by Witt were in connection with the hearing on the Kennedy objections.

Section 473.787.3 provides that the independent personal representative shall secure the advice and service of an attorney in connection with nine enumerated subjects connected with the administration of the estate. Kennedy contends the objections were aimed at acts which George took prior to the time she hired Witt and that she should not be allowed credit for services relating only to a hearing on the objections to the statement of account and schedule of proposed distribution. Section 473.787.3(9) provides an independent personal representative shall retain an attorney in connection with the closing of the estate. The objections had to be heard and decided as a part of the closing of the estate so the services of Witt were authorized and the court properly allowed credit for that fee. No issue is raised as to the amount allowed. The question of allowing credit for the unused airline ticket was addressed to the discretion of the court. It appears Kennedy obtained the continuance which resulted in George not using the ticket. The court did not abuse its discretion in allowing credit for the ticket.

The judgment disallowing credit to George on her statement of account for $11,195.97 paid to the parents of Stellwag on their claim is affirmed. The judgment allowing George credit for $3,543.84 paid to attorney Witt and $235 for an unused airline ticket is affirmed. The judgment allowing credit to George on her statement of account for $17,106.12 paid to satisfy the lien on the Trans Am, the sum of $2,571.96 paid to satisfy the lien on the Colorado land, the expenditure for storage of the automobile and other property, and the compensation allowed to George for her service as personal representative, is reversed. This cause is remanded with directions to enter judgment that the independent personal representative not be allowed credit for those items.

All concur.