STATE v. HARDISON

[143 N.C. App. 114 (2001)]

STATE OF NORTH CAROLINA v. ROY LEE HARDISON, Defendant

No. COA00-50

(Filed 17 April 2001)

**1. Evidence— hearsay—unavailable witness—untrustworthy**

The trial court did not err in a prosecution for first-degree burglary and second-degree kidnapping by excluding hearsay statements allegedly made by defendant's now deceased counsel to show that defendant's guilty pleas were involuntary and uninformed even though the trial court failed to make complete findings of fact and conclusions of law, because the alleged hearsay statements lacked the requisite guarantees of trustworthiness under the N.C.G.S. § 8C-1, Rule 804(b)(5) inquiry.

**2. Appeal and Error— preservation of issues—failure to raise at trial**

Although defendant argues that his now deceased counsel's out-of-court statements should have been admitted as non-hearsay statements based on the fact that they were offered to explain why defendant pled guilty, defendant did not preserve this issue for review since he only argued that the statements should be admitted under N.C.G.S. § 8C-1, Rule 804(b)(5) in his notice of intent and at the hearing on his motion for appropriate relief.

**3. Constitutional Law— effective assistance of counsel—denial of motion for appropriate relief—no showing of prejudice or adversely affected**

The trial court did not abuse its discretion in a prosecution for first-degree burglary and second-degree kidnapping by denying defendant's motion for appropriate relief based on an alleged ineffective assistance of counsel when defense counsel stated he had been personal friends with the victims for fifty years, because: (1) defendant failed to offer evidence of how he was prejudiced or adversely affected in any manner by any friendship or acquaintance that defense counsel may have had with the victims; (2) defense counsel offered a statement in mitigation of defendant's culpability after stating that counsel had known the victims; and (3) defendant admitted his guilt of the offenses.

On writ of certiorari to review order entered 31 October 1997 by Judge W. Russell Duke, Jr., in Martin County Superior Court. Heard in the Court of Appeals 22 February 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General T. Brooks Skinner, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Danielle M. Carman, for defendant-appellant.*

MARTIN, Judge.

Defendant was indicted on charges of first degree burglary, felonious larceny, felonious possession of stolen goods, and second degree kidnapping arising from a burglary of the Robersonville residence of Mr. and Mrs. A.P. Barnhill, an elderly couple, on 21 April 1990. During the burglary, the Barnhill's caretaker, Ms. Josephine Lawrence, was restrained by one of the perpetrators. Attorney Robert Cowan was appointed to represent defendant. Mr. Cowan, however, became ill and his law partner, Clarence Griffin, assumed defendant's representation. On 29 April 1992, defendant pled guilty to first degree burglary and second degree kidnapping; the State dismissed the charges of felonious larceny and felonious possession of stolen goods. In his remarks to the trial court at defendant's sentencing hearing, Mr. Griffin included the following statement:

This is sort of an awkward position for me in view of the fact that I'm pitch hitting for my friend Bob Cowan and the fact because I have been personal friends with Mr. and Mrs. Barnhill for probably fifty years, at least that long.

At the conclusion of the sentencing hearing, the trial court found factors in aggravation and mitigation of punishment, found that matters in aggravation outweighed those in mitigation, and sentenced defendant to life imprisonment for first degree burglary and twenty years for second degree kidnaping, the sentences to run consecutively.

On 15 September 1994, defendant filed a motion for appropriate relief requesting that the court set aside his guilty pleas because: (1) Mr. Griffin's friendship with the Barnhills created a conflict of interest and he was therefore prejudiced by ineffective assistance of counsel, and (2) his guilty plea was not voluntary. Defendant alleged that he entered his guilty plea on the belief that Mr. Griffin had negotiated a plea agreement capping his sentence at twenty years in prison. By

order filed 2 February 1995, the motion for appropriate relief was denied without an evidentiary hearing. This Court allowed defendant's *pro se* petition for writ of certiorari to review the order and, by opinion filed 15 April 1997, remanded the matter to the superior court for an evidentiary hearing. *State v. Hardison*, 126 N.C. App. 52, 483 S.E.2d 459 (1997).

Mr. Griffin died prior to the evidentiary hearing. On 18 June 1997, defendant filed a notice of his intent to offer hearsay statements of Mr. Griffin pursuant to N.C.R. Evid. 804(b)(5). The notice referred to the following statements purportedly made by Mr. Griffin: (1) he advised defendant to plead guilty to both charges; (2) he told defendant that he would negotiate a plea agreement that would cap defendant's sentence at twenty years; (3) he advised defendant that a jury trial would result in a life sentence and asked whether defendant would plead guilty if the sentence would be twenty years; (4) he told defendant that it was unnecessary to note the plea agreement on the transcript of the plea; (5) he instructed defendant to answer "yes" when the court asked defendant if the dismissal of the larceny and possession charges constituted the full extent of his plea agreement; (6) he stated he was in an awkward position because he had been personal friends of the victims for at least fifty years, and (7) after defendant was sentenced, he told defendant that there was a misunderstanding and that he would straighten it out.

An evidentiary hearing was held on 31 July 1997. The court denied defendant's motion to admit the hearsay statements. Defendant testified, as did his former girlfriend, Cynthia Silverthorne. Defendant testified that he told his attorney and the prosecutor he would plead guilty only if they guaranteed he would not receive a sentence of life imprisonment. He also testified that Griffin stopped him from objecting when the court sentenced him to life in prison. Ms. Silverthorne testified that she heard Agent Kent Inscoe of the State Bureau of Investigation tell defendant that his sentence would be capped at twenty years if he pled guilty.

The State offered the testimony of Frank Bradsher, the assistant district attorney who negotiated defendant's plea agreement, Agent Inscoe, and Regina Moore, an attorney who represented a co-defendant and was present at the sentencing hearing. Mr. Bradsher and Agent Inscoe testified that no offer or agreement was made with respect to defendant's sentence. Ms. Moore testified that no sentencing offers were made with respect to the co-defendant she represented, and that she was present at counsel table during defendant's

sentencing hearing and observed nothing unusual happen between defendant and Mr. Griffin.

On 31 October 1997, the trial court entered an order denying defendant's motion for appropriate relief. The court made detailed findings of fact and concluded that: (1) "any acquaintance of the defendant's lawyer with the victim[s] of defendant's crime standing alone is not sufficient to warrant setting aside defendant's plea of guilty," (2) defendant failed to show he was prejudiced by any relationship between his counsel and the victims, (3) defendant was not induced to plead guilty, and (4) defendant's guilty plea was voluntarily made with full knowledge of its consequences. Defendant's petition for writ of certiorari to review the trial court's order was allowed on 9 October 1998.

I.

[1] Defendant assigns error to the trial court's exclusion of the hearsay statements allegedly made by Mr. Griffin. He contends the erroneous exclusion of that evidence precluded him from showing that his guilty pleas were involuntary and uninformed and he is therefore entitled to a new hearing on his motion for appropriate relief. He argues that the court should have admitted the statements pursuant to N.C.R. Evid. 804(b)(5), which is the residual exception to the hearsay rule that applies when a declarant is unavailable.

In *State v. Triplett*, 316 N.C. 1, 340 S.E.2d 736 (1986), the Supreme Court set out a six-part inquiry for the trial court to use before admitting or excluding hearsay evidence pursuant to N.C.R. Evid. 804(b)(5). Through this inquiry, the court must determine: (1) that proper notice was given to the opponent about the evidence and the desire to have it admitted pursuant to 804(b)(5); (2) that no other hearsay exception applies to the statement; (3) that the statement possesses " 'equivalent circumstantial guarantees of trustworthiness' " to the enumerated hearsay exceptions; (4) that the statement is material; (5) that the "statement 'is more probative on the point for which it is offered than any other evidence' " which could be otherwise produced; and (6) that " 'the general purposes of [the] rules [of evidence] and the interests of justice will best be served by admission of the statement into evidence.' " *Id.* at 9, 340 S.E.2d at 741 (quoting N.C. Gen. Stat. § 8C-1, Rule 804(b)(5)). The Court specified which portions of the inquiry required the trial judge to make findings of fact and conclusions of law, and which portions required the judge only to state his conclusion of law. *Id.*

In the present case, the trial court made no findings of fact or conclusions of law before denying defendant's motion to admit the hearsay testimony, and defendant argues that its error in failing to do so requires that we award a new hearing on his motion for appropriate relief. We cannot agree. In *Phillips & Jordan Inv. Corp. v. Ashblue Co.*, 86 N.C. App. 186, 191, 357 S.E.2d 1, 3-4, *disc. review denied*, 320 N.C. 633, 360 S.E.2d 92 (1987), this Court stated:

> The six-part inquiry is very useful when an appellate court reviews the *admission* of hearsay under Rule 804(b)(5) or 803(24). However, its utility is diminished when an appellate court reviews the *exclusion* of hearsay. Common sense dictates that if proffered evidence fails to meet the requirements of one of the inquiry steps, the trial judge's findings concerning the preceding steps are unnecessary (emphasis added).

In *Phillips*, the defendant requested that the trial court make the six-part inquiry; instead, the judge responded "he could do that quickly because the proffered testimony related to the corporate records which would be the best evidence of 'all these things.' " 86 N.C. App. at 190, 357 S.E.2d at 3. This Court noted that the "trial court essentially determined that the proffered testimony did not meet the requirements of step (5) of the inquiry," and held that although the trial court erred by not making the specific findings for each step of the inquiry, the error was not prejudicial because the evidence would have still been excluded. *Id.* at 191, 357 S.E.2d at 3-4. Similarly, in *State v. Harris*, 139 N.C. App. 153, 532 S.E.2d 850, *disc. review denied*, 353 N.C. 271, 546 S.E.2d 121 (2000), we held that a trial court's failure to make the requisite findings in denying a motion to admit hearsay evidence pursuant to 804(b)(5) was not prejudicial where "[t]he trial transcript shows that the trial court found the hearsay [evidence] at issue to be untrustworthy under step (3) of the required analysis." *Id.* at 159, 532 S.E.2d at 854.

In this case, as in *Harris*, we can ascertain from the trial transcript that the court excluded the evidence of Mr. Griffin's alleged hearsay statements because it found the evidence untrustworthy. At the hearing, the State reviewed the requisite inquiry for the court in an 804(b)(5) determination, and highlighted the particular inquiry required for courts in assessing the equivalent circumstantial guarantees of trustworthiness. After argument by defendant's counsel, the trial court made the following inquiry:

COURT: What witness would offer these statements?

MR. KILCOYNE: Mr. Hardison will offer them, and also at least one would be offered by Cynthia Silverthorne, who also would be available to testify.

COURT: And who is Cynthia Silverthorne?

MR. KILCOYNE: She at the time of this incident was the Defendant's girlfriend. She no longer is and hasn't been for several years.

COURT: Which statement was she on?

MR. KILCOYNE: On the Notice of Intent, with particulars would be number three, number four . . . .

The court then sustained the State's objection to the evidence. From the court's inquiry, we can ascertain that it denied the motion to admit the evidence because it found the evidence lacked the requisite guarantees of trustworthiness. Thus, while the court erred in failing to make the complete findings of fact and conclusions of law required by *Triplett*, the error does not require a new hearing because it is clear from the record that the court would have excluded the evidence as untrustworthy. Accordingly, defendant is not entitled to a new hearing on his motion for appropriate relief.

[2] Defendant attempts to argue, in addition, that the statements should have been admitted as non-hearsay statements because they were offered to explain why defendant pled guilty, not for the truth of the matter asserted in the statement. However, in his notice of intent and at the hearing on his motion for appropriate relief, defendant argued only that Mr. Griffin's alleged statements should be admitted pursuant to Rule 804(b)(5). His argument to this Court, therefore, that the statements are admissible non-hearsay is not properly before us. "[W]here a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount.' " *State v. Sharpe*, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E.2d 836, 838 (1934)).

## II.

[3] Defendant next assigns error to the order denying his motion for appropriate relief and argues that his guilty plea should have been set

aside because Mr. Griffin had an undisclosed and prejudicial conflict of interest which denied him effective assistance of counsel at the plea and sentencing hearing. A criminal defendant has a constitutional right to effective assistance of counsel, which includes the " 'right to representation that is free from conflicts of interest.' " *State v. Bruton,* 344 N.C. 381, 391, 474 S.E.2d 336, 343 (1996) (quoting *Wood v. Georgia,* 450 U.S. 261, 271, 67 L. Ed. 2d 220, 230 (1981)). However, "[i]n order to establish a violation of this right, 'a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.' " *Id.* (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, 64 L. Ed. 2d 333, 346-47 (1980)).

Defendant had the burden at the hearing on his motion for appropriate relief "of establishing the facts essential to his claim by a preponderance of the evidence." *State v. Pait,* 81 N.C. App. 286, 288, 343 S.E.2d 573, 575 (1986); N.C. Gen. Stat. § 15A-1420(c)(5). The findings of the court "are binding if they are supported by any competent evidence." *Id.* (citation omitted).

Although defendant's assignment of error directed generally to all of the trial court's findings and conclusion is broadside and therefore in violation of N.C.R. App. P. 10(c)(1), *see Riverview Property Owners Ass'n, Inc. v. Hewett,* 90 N.C. App. 753, 370 S.E.2d 53 (1988), we nevertheless exercise our discretion under N.C.R. App. P. 2 and consider the argument in his brief that the following findings of fact are unsupported by the evidence:

> 21. That although Mr. Clarence Griffin, defendant's attorney at sentencing, stated that he had been personal friends with the victims for fifty (50) years, there has been no showing that this acquaintance prejudiced the defendant in any way or that any such acquaintance created a conflict of interest or the appearance of a conflict of interest.

> 22. That the defendant admitted under oath that he was guilty of the offenses to which he had pled guilty on 4/29/92 and that he had no defense to those crimes.

Defendant offered no evidence at the hearing on his motion for appropriate relief to show that he was prejudiced or adversely affected in any manner by any friendship or acquaintanceship which Mr. Griffin may have had with Mr. and Mrs. Barnhill. Indeed, the transcript of

STATE v. HARDISON

[143 N.C. App. 114 (2001)]

defendant's sentencing hearing reveals that after stating that he had known the Barnhills, Mr. Griffin went on to offer a statement in mitigation of defendant's culpability. Moreover, the same transcript directly supports the trial court's finding that defendant admitted his guilt of the offenses. The transcript reflects that defendant acknowledged under oath that he had discussed his case with Mr. Griffin and was satisfied with him; that defendant understood the charges and the minimum and maximum sentences to which he was exposed; that defendant knew he had the right to plead not guilty; that by pleading guilty he understood that he was giving up his right to a jury trial, including the right to confront and cross-examine witnesses; and that defendant was in fact guilty of the charges. Defendant also testified at his sentencing hearing and admitted that he had committed the offenses.

When a trial court's findings are supported by competent evidence, a court's "ruling . . . may be disturbed only when there has been a manifest abuse of discretion, or when it is based on an error of law." *Pait*, 81 N.C. App. at 288-89, 343 S.E.2d at 575 (citation omitted). After the hearing on defendant's motion for appropriate relief, the court concluded:

1. That any acquaintance of the defendant's lawyer with the victim of defendant's crime standing alone is not sufficient to warrant setting aside the defendant's plea of guilty.

2. There has been no showing that an acquaintance between the defendant's lawyer and the victim of the defendant's crime prejudiced the defendant.

We find neither error of law nor abuse of discretion in the trial court's ruling; we consequently affirm the trial court's order denying defendant's motion for appropriate relief.

Affirmed.

Judges TIMMONS-GOODSON and TYSON concur.